[Civ. No. 14735. Second Dist., Div. Three. May 17, 1945.]

BERTHA SPILLERS, Respondent, v. PHILLIP W. SILVER et al., Appellants.

Phillip W. Silver, in pro. per., and Sidney Fischgrund for Appellants.

R. Bruce Murchison, Frank E. Gray and Richard C. Hart for Respondent.

SHINN, J.—In a jury trial plaintiff was awarded damages for injuries sustained when she was struck by an automobile driven by defendant, and defendant appeals.

Two points are urged by appellant as grounds for reversal: first, that the testimony of plaintiff as to the manner in which she was crossing the street proved her to have been guilty of contributory negligence and, second, that plaintiff's attorney was guilty of prejudicial misconduct in his closing argument. At about 8:30 p. m. in clear weather, plaintiff and three other women, who were on their way to call upon friends, alighted from a streetcar traveling south on Broadway when it stopped at the northwest corner of the intersection with First Street in Los Angeles. They were intending to transfer to a car which would come from the east on First Street

and turn south on Broadway. Upon leaving the car, plaintiff walked to the sidewalk on the west side of Broadway to speak to a man whom she mistook for a friend. Her companions proceeded toward the northeast corner of the intersection; two of them had reached the easterly sidewalk and the third was close to it when plaintiff started to follow them across the street. Plaintiff passed in front of the standing streetcar from which she had alighted. She was within the lines of a crosswalk 28 feet wide and when she had crossed into the easterly half of Broadway she was struck by a car operated by defendant, thrown to the ground to the right of the front end of the automobile and suffered severe injuries. Defendant's car had come from the west on First Street into the intersection and had turned north on Broadway. It was stopped almost immediately after the accident and at that time the middle of the front end of the car was approximately 10 feet east of the middle line of Broadway and 18 feet west of the easterly curb. Plaintiff then lay on the pavement several feet east of the front of the automobile. The circumstantial evidence would indicate that defendant was traveling at a moderate speed and there was no evidence that his speed was excessive. Sharply conflicting versions of the accident were given by the witnesses. Plaintiff testified that she was walking rapidly as she crossed the street; the testimony of a man who was seated upon a front seat of the standing streetcar was that she was walking at a moderate speed. Defendant testified that he first saw plaintiff as she appeared in the light from the streetcar, that she was then running and ran directly in front of his car before he had time to stop. A short time after the accident two police officers interviewed plaintiff in the receiving hospital, where she had been taken for emergency treatment for two broken legs, fractures of the sacrum and pelvis and other injuries. They testified that plaintiff stated to them that she had been struck by defendant's car as she was running across the street to the northeast corner to take a streetcar which was standing there. The only eyewitnesses to the accident were the parties and the man who was seated in the streetcar. Plaintiff denied having made the statements testified to by the officers.

Defendant relies principally upon the testimony of plaintiff for proof of her contributory negligence. She testified that she did not see the automobile approaching until she was within the bright glare of its headlights immediately be-

fore she was struck. Signal lights were in operation at the intersection and the green light was on for east and west traffic. Plaintiff testified that she had her eyes on the signal, that she looked for signals before she started to cross the street, and that she was looking straight ahead to where she was going. She was not asked specifically on direct or cross-examination whether she looked to the right or left as she entered the street. For the purposes of our opinion we may assume that as she started across the street she looked straight ahead. The evidence was that there were no automobiles traveling north or south on Broadway in the immediate vicinity. Defendant testified that as he approached Broadway the green light had come on when he was about 100 feet from the intersection, that he did not stop when he reached Broadway, and in turning he kept to the right of the traffic button in the center of First Street on the west side of Broadway. If, therefore, plaintiff was guilty of contributory negligence which was a proximate cause of the accident, it consisted of her failure to observe the movements of defendant's automobile as it approached from the west and turned north into Broadway. The implied finding of the jury was that under the circumstances the exercise of ordinary care did not require that plaintiff should look for traffic approaching on First Street from the west and we think the conclusion of the jury was not an unreasonable one. When plaintiff looked across the street toward the green light, a considerable area of the street would be within the range of her vision. True, she could have seen but little of the west half of Broadway and would have been in great danger from automobiles approaching her from the north, of which, fortunately, there were none; but while she may have been careless in not looking toward the north, looking to the west on First Street would have been an entirely different matter, and whether she was negligent in failing to do so clearly involved a question of fact and not of law. If she had looked and had seen defendant's car approaching Broadway she would not have known whether it would proceed across the intersection or make a turn. It is argued that she should have observed the rays from defendant's headlights before she did, as defendant's car approached diagonally from the rear, but it must be remembered that she at that time was in the light cast by the headlight of the streetcar, which would have illuminated the street in much of the same area as the light projected

from defendant's headlights. And plaintiff had taken but a few steps beyond that area when she was struck. The jurors no doubt knew from experience that a pedestrian, in crossing the street at an intersection, must of necessity, in order to proceed safely, give more attention to traffic which is in his path or approaching him from the right or the left than to that which may be approaching diagonally from the rear. It is the duty of motorists who are making turns at intersections to have this fact in mind and when they approach pedestrians diagonally from the rear, to assume a large measure of responsibility to avoid striking them. If plaintiff was running across the street and ran directly in front of defendant's car, defendant could not reasonably have been found negligent. But the implied finding of the jury is that plaintiff was not running, and that defendant in the exercise of ordinary care could have avoided the accident. However, plaintiff's speed in crossing the street, whether she was running or walking rapidly, is not decisive of the issue of contributory negligence. That was to be determined from the manner in which she looked for approaching traffic. The implied finding that she looked with the care ordinarily exercised by persons under like circumstances cannot be disturbed. Defendant has cited numerous cases in which it has been held that the failure to look was the failure to exercise ordinary care under the circumstances of the particular situation, but it would serve no purpose to review them. The facts of the present case are exceptional and distinguish it from all of the cases which defendant has called to our attention. Plaintiff's testimony did not, as a matter of law, establish her negligence as a proximate cause of the accident.

█ Plaintiff's attorney in his closing argument to the jury said, in part, as follows: ". . . I want to again direct your attention to the extraordinary effort that was made by the—— first by Mr. Fishgrund and then by Mr. Silver, to get out of the two officers some information that was obviously wrong. Time and time again they attempted to do things here that weren't—— I know that they knew they weren't proper, and yet they continued to try to do it, and I am satisfied in my own mind that that wasn't the first time that they attempted to get the officers to do things that they just didn't know about before that time." The two police officers referred to had appeared on the scene of the accident shortly before plaintiff was removed in an ambulance. They made

measurements as to the width of the crosswalk and the street and the position of defendant's automobile where it stood in the street. They were the officers who questioned plaintiff in the receiving hospital and who testified to the statements which she denied. The statement of her attorney in his argument referred to the cross-examination of the officers by defendant, who is an attorney, and by Mr. Fischgrund, who was representing him, with respect to the observations made by the officers at the scene of the accident. This phase of the cross-examination consisted of an effort to lay a foundation for an opinion by the officers as to the point at which the automobile struck plaintiff. There was no broken glass nor other definite physical evidence, and the officers did not express any opinion as to the point of impact. There was nothing improper in the line of cross-examination which was followed, even though the court properly sustained objections to some of the questions. The accusation made by plaintiff's attorney that the attorneys who conducted the cross-examination were seeking to have the officers change their testimony was unwarranted. No exception was taken to the remark in the presence of the jury but the matter was called to the attention of the judge in chambers and he was asked to declare a mistrial or to direct the jury to disregard the statement made in argument, which he declined to do. Although the usual instruction was given that statements made by counsel are not to be considered as evidence unless made in the form of a stipulation, it would have been better if the judge had expressed his disapproval of the objectionable statement in order to make certain that the jury would understand its impropriety. But the statement, although unfair and improper, did not, in our opinion, amount to misconduct which would justify a reversal. Defendant's argument is that the jury must have believed that defendant and his attorney had made other efforts to influence the testimony of the officers and that since the jury evidently did not believe their testimony as to plaintiff's admissions, the inference is that they believed that the officers had been inspired to give false testimony. The jury may have given little weight to the testimony as to plaintiff's alleged admissions because of the conditions under which she was interviewed. Certainly statements elicited by questioning under the circumstances should be weighed with the utmost caution, for plaintiff could scarcely have been in a condition to give a responsible account of the

accident. Furthermore, the officers in their cross-examination did not change their testimony in any particular nor endeavor to fix a point of the accident which would be favorable to defendant. If defendant and his attorney had endeavored to influence the testimony of the officers in their cross-examination, which they did not do, it clearly appeared that the officers were not influenced. The charge was not that the officers had been influenced as to their testimony, but only that attempts had been made to influence them, and if the jury had been misled into construing the cross-examination as such an attempt, they would have seen that it was unsuccessful. Furthermore, the verdict is well sustained by the evidence and we cannot believe that it would have been different if the objectionable argument had not been made. Plaintiff was awarded $10,000, which, in view of her injuries, was not an excessive sum. It would not be unreasonable to believe that the accident happened as testified to by defendant, but the jury accepted plaintiff's version and if that was to be believed, she had a clear right to recover for her injuries. The record shows no reversible error.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 12, 1945.