168

## MARIA DONATO v. MINNEAPOLIS STREET RAILWAY COMPANY AND ANOTHER.[1]

May 14, 1954.

No. 36,167.

*Freeman, Larson & Peterson,* for appellants.

*Amherst Tautges* and *Chester G. W. Gustafson,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendants' blended motion for judgment notwithstanding the verdict or a new trial.

Upon a prior appeal (Donato v. Minneapolis St. Ry. Co. 238 Minn. 176, 56 N. W. [2d] 308) a directed verdict for the defendants was set aside and a new trial was granted. The present appeal arises from the second trial. Substantially the same evidence was presented in both trials.

---

[1]Reported in 64 N. W. (2d) 441.

On August 31, 1949, Maria Donato, age 49, was walking north on the west side of Hennepin avenue in Minneapolis. Upon reaching the southwest corner of the intersection of Washington and Hennepin, she turned to the right, intending to cross to the opposite side of Hennepin. At that moment the sign was against her. When the traffic light changed, she looked to the left and right and observed that the traffic on Hennepin avenue had stopped. With that she proceeded east across Hennepin. At the same moment one of defendant's buses, which had been traveling east on Washington and, after having stopped to discharge passengers, had stopped again at the crosswalk at a point 20 feet west from the southwest corner of the intersection of Washington and Hennepin, started up and turned right onto Hennepin. After taking six or seven steps, plaintiff, who was wearing a lavender coat, was hit on the left hip and knocked down; she never saw what struck her. The bus driver did not see her either, though he testified that he heard a slight "thump" and saw a flash of lavender at the bottom of the front door. A passenger on the bus seated directly behind the driver also testified that he saw this flash of lavender. The driver immediately stopped the bus, and the plaintiff was discovered lying near the southern boundary of the crosswalk about 18 feet from the curb with her head pointing toward the curb she had just left and with the right front wheel of the bus pushed up against her right leg. The bus driver then backed up the bus a few feet, and the plaintiff was taken to the hospital.

The jury awarded plaintiff a verdict for $11,753.45. Defendants' motion for judgment notwithstanding the verdict or a new trial was denied, and from this order of denial defendants appeal.

We are concerned with issues of negligence and contributory negligence.

Plaintiff stood on the curb until the traffic lights were in her favor and then, after first looking to her right and to her left to see that all Hennepin avenue traffic had come to a stop, proceeded across Hennepin over the regular crosswalk. As she took her observations preparatory to crossing Hennepin avenue, the bus was parked

around the corner on Washington avenue about 20 feet behind the plaintiff. Plaintiff did not see the bus and the defendant bus driver did not see plaintiff prior to the actual collision. Plaintiff, who had looked to her right and to her left before starting across the street, was not contributorily negligent as a matter of law for failing to look to her rear to observe a vehicle on a cross street nor was she required as a matter of law to know or to anticipate that a vehicle on the cross street would abruptly change its course and turn into the street which she was crossing at the regular crosswalk.[2]

Plaintiff, after leaving the curb, proceeded on the crosswalk a distance of 18 feet before she was hit and thrown to the pavement. Can it be said that she walked into the side of the bus which was in plain sight and that she as a matter of law ought to have seen the bus? We cannot so hold. When she left the curb her route was apparently free of any approaching vehicle. The bus driver gave no signal as he turned his vehicle from Washington avenue to Hennepin avenue. Furthermore, there is testimony that plaintiff was first struck on her left hip. It should be noted that the bus driver testified that he saw no one on the crosswalk and that his first knowledge that anything was amiss was when he first heard a thump and saw a flash of lavender (the color of plaintiff's coat) near the bottom of the front door. Immediately after the bus stopped, plaintiff was lying partially under the front end of the bus with her head pointing to the curb and with the front wheel of the bus up against her right leg. Although the driver saw neither the plaintiff nor any other person on the crosswalk, there was other testimony to the effect that six or seven pedestrians were on the crosswalk. In view of the whole evidence, inclusive of the testimony that plaintiff was first hit on her left hip and the flash of her coat

[2]Bruce v. Cohn, 172 Minn. 386, 215 N. W. 520; Meyers v. Swanson, 163 Minn. 508, 203 N. W. 624; Offerman v. Yellow Cab Co. Inc. 144 Minn. 478, 175 N. W. 537; see, Reier v. Hart, 202 Minn. 154, 277 N. W. 405; 17 Minn. L. Rev. 451; 22 Minn. L. Rev. 116; Annotation, 164 A. L. R. 8, 31, 88; cf. Pach v. Chippewa Springs Corp. 161 Minn. 125, 201 N. W. 293, involving a vehicle which swung in front of a pedestrian *as she stepped off the curb.*

was seen near the bottom of the front door, the jury could reasonably infer that she did not walk into the side of the bus but that instead the bus swung against her with its front right-hand corner striking her left side and throwing her to the pavement. In corroboration of such inference is the fact that the flash of her coat seen through the window of the front door was immediately preceded by a thump as her body came in contact with the bus. The door is just back of the right front corner, and from this the jury could reasonably conclude that she was struck by the corner immediately ahead of the door. The jury could also take into consideration that it was not likely that plaintiff would have been found under the front end of the bus if she had walked into the side of the vehicle. Upon the conflicting evidence the jury could also find that the driver was not maintaining a proper lookout for the plaintiff and other pedestrians in plain sight on the crosswalk. It is elementary that conflicts in evidence are to be resolved by the jury. Upon the record presented it follows that the questions of negligence and contributory negligence were properly submitted to the jury and the verdict must be sustained.

The order of the trial court is affirmed.

Affirmed.