[Civ. No. 25827.   Second Dist., Div. Three.   Oct. 24, 1962.]

MARIE PARSEKYAN, Plaintiff and Appellant, v. ALLEN L. THOMPSON et al., Defendants and Respondents.

Herbert A. Garabedian for Plaintiff and Appellant.

Stephen J. Grogan for Defendants and Respondents.

FILES, J.—Plaintiff, a pedestrian in a marked crosswalk, was struck by defendants' automobile. The case was tried without a jury and resulted in a judgment for defendants. The court found that defendant driver was not negligent and that the injury was caused by the negligence of the plaintiff. Plaintiff has appealed from the judgment. The sole issue on appeal is the sufficiency of the evidence.

The record contains evidence of these circumstances:

The accident occurred on November 11, 1958, at about 6 p.m. It was dark, the weather was clear and the street dry. Plaintiff was crossing Ventura Boulevard from north to south in a marked crosswalk near the intersection of Matilija Avenue. Ventura Boulevard is divided into six lanes. Traffic was heavy. Defendants' Buick was westbound in the first lane north of the center line, at a speed between 30 and 35 miles per hour. The posted speed limit there was 35 miles per hour.

The driver was looking ahead and his headlights were on. Plaintiff safely crossed the westbound lanes and arrived at or near the center of the street (2 feet south of the center line according to defendant; 2 steps north of the center line according to plaintiff). When she realized that an eastbound vehicle would not stop for her she moved backwards three or four steps. The driver of the Buick applied his brakes and swerved to the right. The front of the Buick cleared the plaintiff, but she backed into the extreme rear of the left side of the car.

Vehicle Code, section 560, subdivision (a) (section 21950 in the 1959 recodification) requires that a vehicle shall yield the right of way to a pedestrian in a marked crosswalk. This section does not necessarily require a driver to anticipate that a pedestrian who has safely crossed in front of him will suddenly reverse his course and again step into the path of the vehicle. (*Giles* v. *Happely,* 123 Cal.App.2d 894 [267 P.2d 1051].)

Plaintiff argues that in this case the fact that she reversed her course is immaterial because defendant did not see her pass in front of him the first time. The driver testified that when he first saw the plaintiff she was 2 feet south of the double line which marks the center of the street, and that she was then moving backwards towards the path of his car. Plaintiff's theory is that her right of way in a crosswalk is the same whether she is walking forwards or backwards; and that in evaluating the conduct of the driver, plaintiff must be regarded simply as a pedestrian lawfully moving across the center of the street from south to north. Even though we assume that a pedestrian running backwards has the full protection of Vehicle Code, section 560, it does not follow that there is no support for the trial court's finding that defendant was free from negligence.

It must be borne in mind that the critical events of this case occurred in a very few seconds. No witness could describe the times and distances with such precision as to demonstrate conclusively just how the collision occurred. The trier of fact was required to draw inferences from the testimony and the physical facts. The driver, proceeding at a lawful 30 to 35 miles per hour, suddenly discovered a pedestrian across the center line and facing away from him. The physical facts, together with the driver's testimony, indicate that by the time he discovered plaintiff's presence it was too late to stop. The only possible negligence of the driver then would

be in his failure to discover her sooner than he did. It was dark, there were other cars directly in front of defendant, and plaintiff had arrived at the center of the street without stopping traffic. The evidence does not show just how long plaintiff was in the center of the street before she reversed her course. She testified that after reaching the center of the street she raised her hand to try to halt the eastbound traffic, and when she saw that the nearest vehicle would not stop she started to go back. Defendant testified there were other cars ahead of him, the nearest being about 50 feet ahead. The trial court was entitled to infer that plaintiff had crossed the westbound lanes in front of cars which were ahead of defendant, and that defendant's view of her was cut off by the cars ahead. The evidence supports the finding that the defendant was not negligent in failing to discover sooner that plaintiff was stranded in the center of the street.

The decisions in *Novak* v. *Dewar*, 55 Cal.2d 749 [13 Cal. Rptr. 101, 361 P.2d 709], and *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834], do not require a contrary result. In each of those cases the defendant driver had an adequate opportunity to observe the pedestrian's approach.

As an alternate ground of decision, the evidence supports the finding that plaintiff was guilty of contributory negligence. Plaintiff argues that sudden retreat was not a negligent act because she was reacting to an imminent peril.

The question of whether plaintiff acted properly in the light of the emergency was a question of fact. (*James* v. *American Buslines*, 111 Cal.App.2d 273 [244 P.2d 503].) If the trial court accepted plaintiff's testimony as to where she was, she started back before she reached the center line. On that hypothesis, she never was in any danger from an eastbound car, and there was no good reason for her to step back. The driver of the car which was following defendants' Buick testified that the Buick was traveling about 3 feet north of the double center line. Thus there was room for plaintiff to stand in safety, had she not gone back so far. We cannot say, as a matter of law, that the trial court was required to find that plaintiff's retreat into the side of defendants' automobile was a reasonable and prudent act.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 19, 1962.