[S. F. No. 22688. In Bank. Dec. 23, 1969.]

GUSTAV SCHMITT, Plaintiff and Appellant, v.
DORIS F. HENDERSON, Defendant and Respondent.

COUNSEL

Robert N. Beechinor for Plaintiff and Appellant.

Morgan & Moscone and Charles O. Morgan, Jr., and George R. Moscone for Defendant and Respondent.

OPINION

**MOSK, J.**—In this personal injury action plaintiff appeals from a judgment for defendant entered on a jury verdict. We have concluded that the evidence establishes defendant's negligence as a matter of law and is insufficient to support a finding of contributory negligence on the part of plaintiff. The judgment must therefore be reversed.

Plaintiff, a pedestrian, was struck and injured by an automobile driven by defendant at the intersection of Larkin and O'Farrell Streets in San Francisco. Larkin is a one-way street northbound, three lanes wide; O'Farrell is a one-way street eastbound, also three lanes wide. The intersection is controlled by traffic lights at each corner, and the pedestrian crosswalks are marked by white lines on the pavement.

The accident took place between 9:30 and 10 o'clock in the evening; the weather was clear, and the streets were dry. Plaintiff, an elderly man, left his home to mail a letter. Walking east on O'Farrell, he stopped on the northwest corner of O'Farrell and Larkin, intending to cross Larkin to reach a mailbox on the northeast corner of that intersection. The traffic light facing him was red, and he waited for it to change. Defendant driver was proceeding in the same direction—eastbound on O'Farrell—and stopped her car at Larkin in response to the same traffic light. Defendant was then in the left-hand traffic lane of O'Farrell, next to the cars parked along the sidewalk on which plaintiff was standing. She intended to turn left onto Larkin, i.e., across plaintiff's path.

When the light turned green, plaintiff began to walk across the street; defendant made her left turn, and in so doing struck plaintiff with the front of her car and knocked him down. Plaintiff testified he looked in front of him, but not to his left or right, as he stepped off the curb; he heard no horn blow and no squeal of brakes, nor did he see defendant's car before it hit him. He was familiar with the intersection, and was aware that traffic on O'Farrell was heavy that evening. Defendant testified she looked to both sides as she began her turn, but did not see plaintiff until her car was a few feet from him; she applied her brakes, but it was too late to avoid hitting him. She was travelling three to five miles an hour at the time.

While the point of impact was variously estimated to be between 6 and 22 feet from the northwest curb, it was undisputed that plaintiff was within the lines of the pedestrian crosswalk when he was struck.

The complaint charged that the accident was proximately caused by defendant's negligent operation of her automobile. The answer interposed the defense of contributory negligence, alleging that plaintiff failed to exercise due care in crossing the street. The jury returned a verdict for defendant, and judgment was entered accordingly.

The case is controlled by *Gray* v. *Brinkerhoff* (1953) 41 Cal.2d 180 [258 P.2d 834], and *Novak* v. *Dewar* (1961) 55 Cal.2d 749 [13 Cal. Rptr. 101, 361 P.2d 709]. In each of those cases, as here, the plaintiff pedestrian attempted to cross a street at an intersection, within a marked crosswalk and with the green light in her favor; the defendant driver struck the plaintiff with his car as he made a left turn across her path; and the defendant testified he did not see the plaintiff until the moment of, or immediately before, impact. In each the jury returned a verdict for the defendant, but we reversed the ensuing judgment. We recognized that negligence and contributory negligence ordinarily present questions of mixed fact and law "and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented" (*Gray,* at p. 183 of 41 Cal.2d; *Novak,* at p. 752 of 55 Cal.2d); on the record before us, we concluded in each case that as a matter of law the defendant was guilty of negligence and the evidence was insufficient to support a finding that plaintiff was contributorily negligent.

The record in this case impels us to the same conclusion. To begin with, "defendant's own testimony shows indubitably that [she] was guilty of negligence proximately causing plaintiff's injuries. By the provisions of section [21950], subdivision (a), of the Vehicle Code, 'The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk. . . .' It is undisputed that defendant did not yield the right of way to plaintiff. Such failure constitutes a violation of the statute and negligence as a matter of law in the absence of reasonable explanation for defendant's conduct. [Citations.]" (*Gray,* at p. 184 of 41 Cal.2d; *Novak,* at p. 752 of 55 Cal.2d.) In both *Gray* and *Novak* the defendants endeavored to provide explanations for their conduct, but we rejected them as inadequate; here, no such explanation is even offered. Defendant's negligence is therefore established as a matter of law.

Turning to the issue of contributory negligence, defendant seeks to distinguish *Gray* and *Novak* on the ground that in each case the plaintiff kept the defendant's vehicle under observation at all times while crossing the street, whereas here plaintiff looked only in front of him and therefore did

not see defendant's car approaching from behind. In both *Gray* and *Novak,* however, the plaintiff was free of contributory negligence not simply because she saw the defendant's car before the accident, but because "She was lawfully where pedestrians are expected to be found at intersections" and "she had no reason to believe that defendant intended to violate her right of way and proceed into the crosswalk and against her body"; in such circumstances, we explained, "plaintiff had the right to assume that defendant driver would obey the law, drive in a reasonable manner, observe her right of way, and yield it." (*Gray,* at pp. 185-186 of 41 Cal.2d; *Novak,* at pp. 752-753 of 55 Cal.2d.)

Here it is undisputed that plaintiff was traversing the street in the crosswalk and in obedience to the traffic signal, and hence was "where pedestrians are expected to be found at intersections." Whether plaintiff was also entitled to assume that a driver approaching from the rear would "observe [his] right of way, and yield it," depends in turn upon whether plaintiff was under a duty to look in that direction while traversing the street.

We hold that no such duty devolved upon plaintiff in the circumstances here shown. The broad question of when and where a pedestrian must look in crossing a street has been much discussed in the cases (e.g., *Francis* v. *City & County of San Francisco* (1955) 44 Cal.2d 335, 339-343 [282 P.2d 496]; *Kirk* v. *Los Angeles Ry. Corp.* (1945) 26 Cal.2d 833, 838-840 [161 P.2d 673, 164 A.L.R. 1]; see generally Note, 2 A.L.R.3d 155), and we are not called upon to resolve it here. The limited issue dispositive of this appeal is whether the plaintiff pedestrian was required, as an ordinarily prudent person, to look *behind* him for possible danger as he crossed the street in the marked crosswalk and in obedience to the traffic signal. Common sense dictates that no such requirement should be imposed. A pedestrian who turns to look behind him as he crosses a street has, in effect, blinded himself to such far more common sources of danger as collision with vehicles attempting to run the intersection on a yellow light, vehicles stopped partially within the crosswalk, and other pedestrians proceeding either in his direction or towards him from the opposite curb. The person of ordinary prudence does not cross the streets in such a wilfully hazardous manner, and the law neither expects nor compels him to do so.

Thus in *Spillers* v. *Silver* (1945) 69 Cal.App.2d 231 [158 P.2d 617], the plaintiff pedestrian was traversing a street within a marked crosswalk when she was struck and injured by the defendant's car as the latter made a left turn from behind her; she testified she looked straight ahead as she crossed, and the court assumed she did not look to either side or behind her. Affirming a judgment for the plaintiff, the court rejected a contention that the plaintiff's failure to look in the direction from which the defendant's

car was approaching rendered her guilty of contributory negligence. ■ In language particularly appropriate here, the court observed it was a matter of common experience that "a pedestrian, in crossing the street at an intersection, must of necessity, in order to proceed safely, give more attention to traffic which is in his path or approaching him from the right or the left than to that which may be approaching diagonally from the rear. It is the duty of motorists who are making turns at intersections to have this fact in mind and when they approach pedestrians diagonally from the rear, to assume a large measure of responsibility to avoid striking them." (*Id.* at p. 235.) The reported decisions of our sister states are uniformly in accord: *Collins* v. *Wichita Transp. Corp.* (1955) 177 Kan. 677 [281 P.2d 1102, 1105]; *Donato* v. *Minneapolis Street Ry. Co.* (1954) 242 Minn. 168 [64 N.W.2d 441, 442]; *Heffner* v. *Admiral Taxi Service* (1950) 196 Md. 465 [77 A.2d 127, 131]; *Yanowski* v. *Fort Worth Transit Co.* (Tex. 1947) 204 S.W.2d 1001, 1003; *Jacobson* v. *Palma* (1934) 115 Pa.Super. 401 [175 A. 731, 732]; *Liberty Highway Co.* v. *Mastin* (1929) 34 Ohio App. 183 [170 N.E. 604, 606].

In the foregoing cases judgments or verdicts for the plaintiff were upheld on appeal against a claim that the plaintiff's conduct, including his failure to look behind him as he crossed the street, constituted contributory negligence. That claim is no less invalid when urged, as here, in support of a judgment for the defendant. For example, in *Sale* v. *Stanley* (Tex. 1961) 348 S.W.2d 767, the plaintiff pedestrian was traversing a street in an unmarked crosswalk but in obedience to the traffic signal, and was struck and injured by the defendant's car as the latter made a left turn from behind her. The jury returned a verdict for the defendant, and judgment was entered accordingly. The appellate court nevertheless reversed, holding that the jury's special findings that the plaintiff "failed to keep a proper lookout and that such failure was proximate cause of the collision are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust."

Also persuasive are the decisions adjudicating the rights and duties of a pedestrian who is run down from behind while walking along the side of the road. Thus in *Hatzakorzian* v. *Rucker-Fuller Desk Co.* (1925) 197 Cal. 82 [239 P. 709, 41 A.L.R. 1027], a driver, temporarily blinded by the headlights of an oncoming car, struck a pedestrian from behind as the latter was walking on the right-hand side of the highway. In an action for wrongful death brought by the pedestrian's widow, the driver denied negligence and interposed a defense of contributory negligence; the findings were favorable to him on both issues, and judgment was rendered for the defendant. This court reversed, however, holding that the defendant's neg-

ligence was shown as a matter of law and the evidence was insufficient to support the finding of contributory negligence on the part of the pedestrian. On the latter issue we explained that the pedestrian was walking where he had the right to be under the law then applicable, and added, "Nor is a pedestrian under legal duty to look back or watch behind to see whether he or she is in danger of being struck or run down by any vehicle approaching him or her from the rear. [Citations.]" (*Id.* at p. 95.) Today, of course, a pedestrian is required by statute to walk on the left-hand side of the highway (Veh. Code, § 21956), but the same rule still governs his conduct: i.e., he is under no duty to look *behind* him for possible danger as he progresses along the road. (See *Myers* v. *King* (1969) 272 Cal.App.2d 571, 578 [77 Cal.Rptr. 625], and cases cited.)

We do not declare that in no circumstances is a pedestrian crossing a street under a duty to be alert to danger approaching him from behind. Applicable here, rather, is the general rule stated in *Novak* (pp. 752-753 of 55 Cal.2d): "A pedestrian using a crosswalk in obedience to the signals placed there for the government of both pedestrian and vehicular traffic is entitled to rely upon others' obeying the law until something occurs which would place him on notice as a person of ordinary prudence that the law is being or is about to be violated by another to his danger." In the present case, however, nothing occurred to place plaintiff on such notice: it is undisputed that defendant did not blow her horn, and plaintiff neither heard a squeal of brakes nor saw defendant's car before it struck him. It follows that plaintiff was entitled to believe his right of way would be respected, and was not negligent in acting on the basis of that belief.

In view of our conclusion that the evidence is insufficient to support the judgment, it is unnecessary to reach plaintiff's further contention challenging certain instructions given by the court.

The judgment is reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

Respondent's petition for a rehearing was denied January 21, 1970.