[Civ. No. 15886. Fourth Dist., Div. Two. Nov. 12, 1976.]

DORIS WITTENBACH, Plaintiff and Appellant, v.
PAUL RYAN, Defendant and Respondent.

**COUNSEL**

Swarner & Fitzgerald and Ray Lapica for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust and E. Michael Kaiser for Defendant and Respondent.

## Opinion

KAUFMAN, J.—In this personal injury action, the jury, on the basis of comparative negligence, returned a verdict in favor of plaintiff in the amount of $3,250. Judgment was entered accordingly. Plaintiff's motion for new trial was denied. Plaintiff appeals from the judgment contending that there is no evidence of any negligence on the part of plaintiff, that it was, therefore, error to instruct on comparative negligence, and that the award of $3,250 was grossly inadequate as a matter of law. We have concluded that plaintiff's contentions are not meritorious. Accordingly, we affirm the judgment.

### Pertinent Facts

The accident occurred in the parking lot of Valley Memorial Hospital in Indio at about 2 p.m. on December 17, 1971. Mrs. Wittenbach (plaintiff), a pedestrian, was struck from behind by a Jaguar automobile operated by Dr. Ryan (defendant).

Defendant, a medical doctor, was on the staff of the hospital. He was at the hospital to check X-rays of a patient, but the X-rays were not ready, and he left the building, heading for his car to return to his office.

Plaintiff was a registered nurse on duty at the hospital that day. She saw defendant leave the building and followed him out, about 40 to 50 feet behind. She saw defendant head toward his car and put his hand on the door handle of his car. She then headed for her own car. Though she knew that defendant had to back up in order to leave the parking lot, plaintiff did not look back to see whether defendant was backing in her direction.

Defendant did not see the plaintiff as she left the building or before he started his car. He checked his rear and side view mirrors and turned his head to look behind his car before and while backing up. He backed up at a normal rate of speed, turning to the left in order to exit to Miles Avenue by the lane marked "entrance." When he heard plaintiff scream defendant stopped immediately and pulled his car forward.

He got out of his car and saw the plaintiff lying on the ground. He offered to get a wheelchair for her, but she said she was all right and they walked together to the emergency room. Defendant told the clerk in the

emergency room that he had hit Mrs. Wittenbach. Plaintiff said "I will own that Jaguar," referring to defendant's car.

Plaintiff now complains of pain in her lower back, neck and knee and walks with a slight limp. She claims to be unable to perform the full duties of a nurse.

The record discloses directly conflicting evidence concerning the nature, extent and duration of plaintiff's injuries as well as the question whether the injuries and infirmities claimed by plaintiff resulted from the accident. From the evidence the jury could have believed that plaintiff suffered a compression fracture of the first lumbar vertebra, a chronic thoraco-lumbar strain as well as aggravation of a preexisting arthritic condition, all caused by the accident. On the other hand, the jury could have believed that plaintiff suffered no permanent injury whatever as a result of the accident and that her complaints were referable to her preexisting arthritic condition and her obesity. It would serve no useful purpose to detail the conflicting evidence.

The jury made special findings that plaintiff was damaged in the amount of $6,500 and that her negligence was 50 percent responsible for the accident. Plaintiff's award was therefore set at $3,250. The verdict was unanimous.

### Discussion and Disposition

*Plaintiff's Negligence*

Plaintiff contends that there is no evidence from which the jury could find her negligent. Not so.

When a judgment is attacked as being unsupported by the evidence, the power of the appellate court begins and ends with the determination whether there is any substantial evidence, contradicted or uncontradicted, which will support the trial court's findings. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Waller* v. *Brooks,* 267 Cal.App.2d 389, 394 [72 Cal.Rptr. 228].) Where the evidence is in conflict, an appellate court will not disturb the findings of the trial court. Indeed, there is a presumption in favor of the facts as found by the trial court. (*Waller* v. *Brooks, supra,* 267 Cal.App.2d at pp. 393-394; *Laymon* v. *Simpson,* 225 Cal.App.2d 50, 52-54 [36 Cal.Rptr. 859].)

A substantial portion of plaintiff's brief is devoted to demonstrating that defendant owed plaintiff a duty of care and that he negligently breached that duty. That is not the question. Obviously, the jury found defendant negligent; otherwise, it would not have returned a verdict in plaintiff's favor.

The question is whether there is any evidence from which the jury could infer that plaintiff was also negligent. Manifestly there is. Plaintiff herself testified that she followed defendant from the hospital; that she saw him go to his car and grab the door handle but did not bother to watch him backing up even though she knew that he had to back up in order to leave the parking lot. The jury could reasonably have concluded that plaintiff should have known that defendant was going to back up and should have looked or listened for her own safety. Plaintiff had no more right to assume there was no danger behind her than did defendant. In *Myers* v. *King,* 272 Cal.App.2d 571, 580 [77 Cal.Rptr. 625], this court held that whether a plaintiff walking along a highway is negligent in failing to watch for danger from the rear is a question for the jury. A fortiori in a parking lot, where there are no clearly defined rights-of-way, whether plaintiff was negligent in failing to look behind herself was a question of fact for determination by the jury. Plaintiff's reliance upon such cases as *Schmitt* v. *Henderson,* 1 Cal.3d 460 [82 Cal.Rptr. 502, 462 P.2d 30], *Novak* v. *Dewar,* 55 Cal.2d 749 [13 Cal.Rptr. 101, 361 P.2d 709], *Gray* v. *Brinkerhoff,* 41 Cal.2d 180 [258 P.2d 834], and *Haynes* v. *Hunt,* 208 Cal.App.2d 331 [25 Cal.Rptr. 174], is misplaced. The cited cases all involved plaintiffs who were protected by crosswalks and who were, therefore, entitled to assume that drivers would obey the law requiring them to stop. Plaintiff was not in a crosswalk, or any other special pedestrian zone, and defendant did not violate any law by backing up.

The same evidence and reasoning substantially support the jury's determination that plaintiff's negligence was 50 percent responsible for the accident, a determination within the province of the trier of fact.

*Jury Instructions*

The court rendered among others a number of jury instructions relating to comparative negligence taken from California Jury Instructions, Civil (5th ed.), to wit, BAJI No. 3.50 (1975 rev.) entitled "Contributory Negligence—Definition," No. 3.77 entitled "Concurring

Causes," No. 14.90 entitled "Reduction of Damages Because of Contributory Negligence," No. 14.91 entitled "Guidelines in Determining Comparative Negligence," and No. 14.93 entitled "Comparative Negligence—Direction for Special Finding." In addition there was submitted to the jury a special finding form comprised of five questions and a space for an answer to each.

Plaintiff contends it was error to present these instructions and this form to the jury inasmuch as there was no evidence that plaintiff was negligent. A short answer to this contention is that there was, as heretofore set forth, substantial evidence from which the jury could reasonably determine that plaintiff was negligent.

■ Plaintiff next complains that several of these instructions employed the words "contributory negligence" (e.g., BAJI Nos. 3.50 [1975 rev.][1] and 14.90) contrary to the abolition of that doctrine by *Li* v. *Yellow Cab Co.,* 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226]. Plaintiff's complaint in this regard is not justified.

*Li* abolished the doctrine of contributory negligence only as to its result. It did not abolish the term "contributory negligence," nor did it abolish the concept of contributory negligence, meaning negligence on the part of the plaintiff contributing causally to plaintiff's injury. Indeed, the *Li* court employed both the words and concept in explaining its holding: "Therefore, in all actions for negligence resulting in injury to person or property, the contributory negligence of the person injured in person or property shall not bar recovery, but the damages awarded shall be diminished in proportion to the amount of negligence attributable to the person recovering." (13 Cal.3d at p. 829.) This was exactly what the jury was told by the rendition of BAJI No. 3.50 (1975 rev.). (See fn. 1, *ante.*)

■ Plaintiff further complains that one or more of these instructions assumed that plaintiff was negligent and appeared to state that as a fact. The only one of these instructions subject to that criticism is BAJI No.

---

[1]For example, BAJI No. 3.50 (1975 rev.) reads: "Contributory negligence is negligence on the part of a plaintiff which, combining with the negligence of a defendant, contributes as a [proximate] [legal] cause in bringing about the injury.

"Contributory negligence, if any, on the part of the plaintiff does not bar a recovery by the plaintiff against the defendant but the total amount of damages to which the plaintiff would otherwise be entitled shall be reduced in proportion to the amount of negligence attributable to the plaintiff."

14.91 the text of which is set forth in the margin.[2] However, taking the instructions as a whole, we do not believe the jury could possibly have understood that they were being told that plaintiff was negligent. Many instructions, including the immediately preceding instruction (BAJI No. 14.90) were in the "if you find" language.[3] Moreover, the jury was admonished that the instructions were to be considered as a whole (BAJI No. 1.01) and that all instructions were not necessarily applicable (BAJI No. 15.22 "Whether some of these instructions will apply will depend upon what you find to be the facts."). We must assume that the jury was constituted of reasonable men and women and that they construed the instructions reasonably. (*Taylor* v. *Gordon,* 102 Cal.App.2d 233, 237 [227 P.2d 64]; *Merlo* v. *Standard Life & Acc. Ins. Co.,* 59 Cal.App.3d 5, 14 [130 Cal.Rptr. 416].)

We have examined the special finding form submitted to the jury and find no fault with it. It sets forth each of the three questions found in BAJI No. 14.93 and two additional pertinent questions[4] and provides a space for an answer to each question. There is nothing on the form suggestive of any answer to any question.

*Inadequate Judgment*

■ Last, plaintiff contends that the judgment is inadequate as a matter of law. This contention is without merit and is predicated solely on the proposition that the jury was required to believe that all of plaintiff's claimed injuries and damages existed and were proximately caused by the accident. As we set forth in the statement of facts, however, this was not a case in which the evidence of injury and damages was uncontroverted. On the contrary, the evidence as to which

---

[2]"In order to determine the proportionate share of the negligence attributable to the plaintiff, you will of necessity be required to evaluate the combined negligence of the plaintiff and of the defendant[s] [and of all other persons] whose negligence proximately contributed to plaintiff's injury.

"In making this evaluation, you are instructed that it is the negligence of such persons that you must measure and not the mere physical causation for the accident.

"In comparing the negligence of such persons you should consider all the surrounding circumstances as shown by the evidence."

[3]The first paragraph of BAJI No. 14.90 reads: "If you find that plaintiff's injury was proximately caused by a combination of negligence of [one or more of] the defendant[s] and contributory negligence of the plaintiff, you will determine the amount of damages to be awarded by you, as follows: . . ."

[4]The two added questions were: "Was defendant Paul Ryan negligent?" and "If 'yes', was said negligence a proximate cause of the plaintiff's damages?"

injuries and what damages resulted from the accident was in sharp conflict. From the conflicting evidence the jury could have reasonably determined that the only injuries resulting from the accident were scrapes on plaintiff's hands and thigh, a bump on her head and some tenderness in the abdomen. It could have reasonably determined that there was no need for the medication she was taking and that she was perfectly able to work. The jury found the total amount of damages plaintiff suffered was $6,500. Plaintiff's contention that this figure was too low was passed upon by the trial court in denying plaintiff's motion for new trial. The trial court thereby indicated its approval of the fairness and sufficiency of the verdict. (*Ward* v. *Litowsky,* 5 Cal.App.3d 437, 440 [85 Cal.Rptr. 278].) We, as a reviewing court, cannot possibly hold the judgment insufficient as a matter of law.

Judgment affirmed.

Tamura, Acting P. J., and Morris, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1977.