[Civ. No. 11477.    Third Dist.    July 31, 1967.]

ANTON GEORGE MEHLING, Individually and as Administrator, etc., Plaintiff and Appellant, v. WARD DANIEL SCHIELD, Defendant and Appellant.

Downey, Brand, Seymour & Rohwer and Robert R. Harlan for Plaintiff and Appellant.

John J. Hannegan for Defendant and Appellant.

REGAN, J.—Defendant appeals from an order granting a motion for new trial in an action for the death of plaintiff's wife following an automobile-pedestrian accident arising when defendant's automobile struck the deceased while she was endeavoring to cross a Sacramento city street.

The jury returned a verdict for the defendant. The trial court granted plaintiff's motion for a new trial and defendant appealed. (Code Civ. Proc., § 963.) Plaintiff has cross-appealed (see 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 44(c), p. 2096) and contends that: (1) the evidence establishes defendant's negligence as a matter of law; (2) there was no evidence to support a finding that the injuries sustained by plaintiff's wife and her subsequent death were not proximately caused by the negligence of defendant; and (3) there was no evidence to support a finding of contributory negligence on the part of the deceased.

The facts, insofar as we are here concerned, are as follows: Plaintiff Anton George Mehling and his wife, Martha, were walking to their daughter's home on the evening of December 24, 1964. At approximately 7:30 p.m. the couple attempted to cross 21st Avenue while in or near a marked crosswalk. The crosswalk was not controlled by traffic signals, but there was a pedestrian crossing warning signal painted on the pavement to alert oncoming traffic. The speed limit in this area was 25 miles per hour. The nearest overhead street light was estimated to be approximately 100 feet away from the crosswalk.

When the accident occurred the weather was clear, though it was dark outside, and the pavement was dry. The Mehlings were wearing dark clothing. Mr. Mehling testified that he and his wife first stopped at the corner to allow several cars to clear the intersection. He looked again and saw approaching car lights, but felt that the lights indicated the car was far enough away for a safe crossing. They then proceeded with caution to cross the street. While crossing, Mr. Mehling continued to focus his attention on the oncoming car lights. He testified that when they were about two-thirds to three-quarters of the way across the street the lights appeared so close he and his wife increased their pace in order to get to the sidewalk. When Mr. Mehling reached the edge of the street, he jumped toward the grass to avoid a collision, and at the same time yelled to his wife to jump. Mrs. Mehling had one foot on the curb and the other foot in the gutter when defendant's automobile struck her. Mrs. Mehling was hospitalized continuously until her death on January 15, 1965.

Defendant Ward Schield was driving his automobile east on 21st Avenue when it collided with Mrs. Mehling. Although defendant was familiar with the intersection, he did not recall noting the ''Slow-Ped-X-ing'' markings in the street. Schield admitted that oncoming car lights were bothering him as he approached the intersection. He estimated his speed to be between 25 to 30 miles per hour. Immediately upon seeing the pedestrians, he hit his brakes and went into a skid. The skid marks measured 65 feet in length. When defendant's car came to rest, it was part in and part out of the crosswalk.

In his memorandum of opinion and order granting new trial, the trial judge stated as follows:

''This is an action for damages for the alleged negligence of defendant alleged to have resulted in the death of plaintiff's intestate. Upon the trial the issues were negligence, contributory negligence, proximate cause and damages.

"The verdict of the jury was in favor of the defendant, and thus it must be assumed the jury found either (1) that the defendant was not guilty of negligence which proximately caused the death of plaintiff's intestate, or (2) that plaintiff's intestate was guilty of contributory negligence which proximately contributed to her death.

"After a full consideration of the arguments of counsel the Court has concluded that there was insufficient evidence *as a matter of law* insofar as the issue of contributory negligence was concerned (See *Novak* v. *Dewar*, 55 Cal.2d 749 [13 Cal. Rptr. 10], 361 P.2d 709].) and that the Court erred in submitting this issue to the jury. (Sec. 657, Sub. 7, C.C.P.)

"Insofar as it may be urged in support of the verdict that the jury impliedly found that defendant was not guilty of negligence which proximately caused the death of plaintiff's intestate, the Court concludes that such a finding is contrary to the weight of the evidence and there is insufficient evidence to support such an implied finding.

"IT IS THEREFORE ORDERED that plaintiff's motion for a new trial be and the same is hereby GRANTED."

As can be seen from the memorandum opinion, the trial judge granted a new trial in this case for two reasons. First of all, the judge decided that he had erred in submitting the issue of contributory negligence to the jury. Secondly, the judge found that there was insufficient evidence to support a finding that defendant was not guilty of negligence which proximately caused the death of Mrs. Mehling. Both of these causes are grounds for the granting of a new trial. (Code Civ. Proc., § 657.)

Where there is an appeal from an order granting a new trial, all presumptions are in favor of the order. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733 [306 P.2d 432].) The rule has been stated as follows:

"The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance." (*Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 159 [323 P.2d 391].)

In passing upon a motion for a new trial, the trial judge is vested with a large amount of discretion. This is so for "[t]he judge presiding at a jury trial not only has seen and heard

the witnesses, as has the jury, but he comes to the task of weighing the evidence on a motion for a new trial with a specialized experience in separating the wheat of evidence from its chaff." (*Perry* v. *Fowler,* 102 Cal.App.2d 808, 811 [229 P.2d 46].)

Thus, the appellate court's review is limited to the inquiry whether there was any support for the trial judge's ruling and that ruling will not be reversed unless it is affirmatively shown or manifestly appears that he had abused the sound discretion confided to him. (*Perry* v. *Fowler, supra,* 102 Cal.App.2d at pp. 811-812; *State of California* ex rel. *Dept. of Water Resources* v. *Natomas Co.,* 239 Cal.App.2d 547, 566 [49 Cal.Rptr. 64]; 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 10(d), p. 2054.)

". . . It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court." (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689]; *Alhambra Consol. Mines, Inc.* v. *Alhambra Shumway Mines, Inc.,* 239 Cal.App.2d 590, 597 [49 Cal.Rptr. 38].)

Section 657 of the Code of Civil Procedure, relating to motions for new trial, was amended in 1965 (Stats. 1965, ch. 1749) to read, in part, as follows:

"When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.

"A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision.

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

"On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

Initially we note that defendant, as appellant herein, contends that the trial judge's discretion is limited by the 1965 amendment. Defendant, in making this latter point, argues that the *Novak* case (cited in the trial court's order) is not applicable to the instant case. We need not decide this issue on an appeal from an order granting a new trial. On the issue of contributory negligence, the trial judge assigned as the ground for granting a new trial his error in submitting this issue to the jury, citing subdivision 7 of section 657. Here, the judge in his order properly set forth the grounds and the reasons for granting the new trial upon each ground stated. This is all the statute requires him to do. As we read the statute, the 1965 amendment does not curb the discretion vested in the trial judge, but rather sets forth certain procedures which he must follow if he decided to grant a new trial. On appeal, an order granting a new trial cannot be reversed unless there is no substantial basis in the record for the reasons given. (Code Civ. Proc., § 657.)

With these rules in mind, we now turn to the reasons for the trial court's ruling in granting the new trial. The court first stated in its memorandum opinion that it erred in submitting the issue of contributory negligence to the jury because, on this issue, there was insufficient evidence as a matter of law.

The evidence shows that plaintiff Mehling and his wife were crossing 21st Avenue in or near a crosswalk. Mehling testified that he was watching for traffic and waited while several cars cleared the intersection. They then proceeded to cross the

street with Mr. Mehling keeping some oncoming car lights under observation. When they were about two-thirds to three-quarters of the way across the street, Mr. Mehling sensed that they had to hurry because of the impending nearness of the approaching lights. The record is devoid, however, of any evidence that the Mehlings were inattentive or had failed to exercise ordinary care in looking for oncoming traffic. To the contrary, Mehling testified that he did look and also that he had defendant's car under observation while crossing the street. Under these circumstances, the trial judge did not abuse his discretion.

█ As a second reason for granting a new trial, the trial judge concluded that the jury's implied finding that defendant was not guilty of negligence which proximately caused the death of Mrs. Mehling was contrary to the weight of evidence.

The evidence shows the following: Defendant was driving his automobile along 21st Avenue on a dark night. He did not see the pedestrian warning sign marked on the street. He was familiar with this route. He was driving in a 25 mile per hour zone. After sighting the pedestrians, he hit the brakes. His tires left a 65-foot skid mark. From these skid marks, one traffic expert testified that defendant was going 40 miles per hour, another traffic expert testified that defendant was travelling 34.4 miles per hour. Finally, there was medical testimony to the effect that the injuries incurred by Mrs. Mehling, as a result of the accident, proximately caused her death. Again, we can find no manifest abuse of discretion. In view of all the circumstances, we cannot say that the trial court abused its broad discretionary powers in granting a new trial.

The plaintiff also filed a cross-appeal from the judgment. Since we must affirm the order granting a new trial, this appeal from the judgment is moot. (*Freeman* v. *LaMorte*, 148 Cal.App.2d 670, 675 [307 P.2d 734]; *Kubowitz* v. *Canon*, 194 Cal.App.2d 378, 385 [14 Cal.Rptr. 824].)

The order granting a new trial is affirmed. This appeal of the plaintiff from the judgment is dismissed as moot. The plaintiff shall have his costs on both appeals.

Pierce, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied August 29, 1967, and the petition of the defendant and appellant for a hearing by the Supreme Court was denied September 27, 1967.