[Civ. No. 30928. Second Dist., Div. Five. Jan. 23, 1968.]

SAUL KRAMER, Plaintiff and Respondent, v. JOHN
BOYNTON, Defendant and Appellant.

Alfred D. Freis for Defendant and Appellant.

Snyder & Gorenfeld and Abraham Gorenfeld **for** Plaintiff and Respondent.

KAUS, P. J.—This is an appeal from an order granting a new trial to plaintiff after a jury verdict in favor of defendant. The trial court specifically based the order upon the ground that the evidence was insufficient to justify the verdict and, as will appear, specified its reasons.

The action is for battery. The harmful touching of plaintiff was admitted by defendant on the stand. The only real issue —apart from damages—was self defense.

Plaintiff and defendant were both employed by Deana Dee, a ladies' coat manufacturer. Plaintiff was a cloth cutter, defendant was the shipping and receiving clerk. On April 10, 1963, plaintiff was cutting cloth at a cutting table. Defendant was asked to remove certain linings from under the table plaintiff was using. In order to accomplish this job he took a barrel into which he put the removed linings. The barrel was of a type which plaintiff and other cutters were using for the deposit of wool clippings.

At one point plaintiff put some clippings into defendant's barrel. That is where their stories diverge.

Plaintiff's version: Defendant told him he was not supposed to use the barrel. Plaintiff said: " 'Well, I was told to use them, so you will have to get the authorization to find out where I should put them.' " He had nowhere else to put his clippings. Defendant got angry, started to clench his fists and looked belligerent. Plaintiff was not going to stand up against anyone of defendant's size[1] so he turned his back to continue with his work. He said: " 'You go see the head cutter.' " He was not holding anything in his hand. The next thing he knew defendant struck him.[2]

Defendant's version: After he saw plaintiff put wool clippings into the barrel which he was using for linings he asked plaintiff not to do so. Plaintiff stopped his machine, "his up and down knife."[3] Plaintiff firmly planted himself "as if he was ready to do something, to take action." "He just planted

---

[1] 6'1½"- tall, about 180 pounds. Plaintiff weighed in at 145 pounds.

[2] Plaintiff himself did not see the blow coming as he was hit from behind. There is, however, no doubt about the identity of the assailant.

[3] This knife appears to have been part of the machine.

himself rigidly." He spoke in a belligerent tone saying " 'Shut your God damn mouth. You can't tell me what to do.' " Defendant felt that plaintiff was about to take action following that statement. He had observed at other times that plaintiff used a pair of shears, a notching knife and cutting wheels in connection with his work. He expected plaintiff to do something to him. So he slapped him. The only movement on plaintiff's part which he observed after he started to bring his hand up and before he contacted plaintiff's cheek was that plaintiff's head was moving away from the coming blow.

The written order granting a new trial, signed by the trial court, contains the following statement: "Plaintiff's said motion for a new trial is granted upon the ground that the evidence is insufficient to justify the verdict. The evidence fails to show that the defendant had reasonable grounds for apprehending harm from the plaintiff. The evidence also fails to show any overt act or physical demonstration on the part of the plaintiff to injure or harm the defendant. Defendant was not justified in believing himself in peril and he had insufficient grounds for such belief."

Defendant makes five points on appeal. The first three may be lumped together: it is claimed that there is no substantial basis in the record for the trial court's statements; that: (1) the evidence fails to show that the defendant had reasonable grounds for apprehending harm; (2) the evidence fails to show any overt act or physical demonstration on the part of plaintiff to injure or harm defendant; and (3) that defendant was not justified in believing himself in peril and that he had insufficient grounds for such belief.

Parenthetically it is noted that defendant does not claim that the reasons given by the trial court were insufficiently specific. (See *Mercer* v. *Perez*, 68 Cal.2d 104, 115-116 [65 Cal. Rptr. 315, 436 P.2d 315], filed January 23, 1968, for guidelines in that respect.) We therefore do not discuss the problem of specificity.

We are bound by the mandate of section 657 of the Code of Civil Procedure to reverse only if the record contains "no substantial basis" for the trial court's stated reasons. Under the law as it stood before 1965 defendant would therefore have no hope whatsoever for a reversal. (*Yarrow* v. *State of California*, 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]; *Runyan* v. *Semmens*, 212 Cal.App.2d 102, 105 [27 Cal.

Rptr. 683]; 3 Witkin, Cal. Procedure (1954) pp. 2059-2061.) In that year[4] the Legislature substantially amended section 657 of the Code of Civil Procedure, by requiring: 1. that the motion shall not be granted on the ground of insufficiency of the evidence, unless the court is convinced from the entire record, including reasonable inferences therefrom, that the jury clearly should have reached a contrary verdict or decision; 2. that the court must specify its reasons for granting the motion; and 3. that the order granting a new trial on the ground of insufficiency of evidence shall be reversed only "if there is no substantial basis in the record for any of such reasons."

Defendant says that the phrase " 'substantial basis,' would appear to be a broader term than the phrase 'substantial evidence.' " He gives us no reason for that proposition, nor would we know how it helps him if it were true.[5]

Even if we define "substantial basis" as "very substantial evidence"— which we do not — defendant is not aided. ▇ There is nothing in the 1965 amendment which deprives the trial court of the power to weigh the evidence. Indeed that power is expressly recognized by the provision that the motion shall not be granted "unless after weighing the evidence" the court is convinced that the jury clearly should have reached a different verdict. We must assume the trial court did just that and believed plaintiff's account of the events, a version which obviously does not justify the battery.[6] (See *Mehling* v. *Schield,* 253 Cal.App.2d 55, 59-61 [61 Cal.Rptr. 159].)

Defendant's next point is very subtle and goes to the very heart of the purpose of the 1965 changes to section 657. Slightly paraphrased, his argument goes like this: he intro-

---

[4]Other amendments enacted by the 1967 Legislature do not affect our discussion. In any case, the order granting a new trial in the case at bar was filed in January 1966.

[5]The only argument adduced to support defendant's point goes as follows: "The New Evidence Code, Section 600, states that presumptions are not evidence. Inferences drawn by the trier of fact from evidence would not be evidence. Yet both presumptions and inferences probably are included within the meaning of the word, 'basis', in the phrase, 'substantial basis in the record.' " In view of the definition of "evidence" in the Evidence Code (Evid. Code, § 140) this is perfectly true, but the courts have always sought the aid of presumptions and inferences in determining whether there is substantial evidence to support a finding.

[6]We need not comment on whether or not defendant's version is much better.

duced evidence which justified the jury in believing that plaintiff suffered no damages at all.[7] The verdict in his favor may therefore have been based on a finding of no damage, rather than on a recognition of his privilege to defend himself. So far defendant is entirely correct.

He then points out that section 657 provides that on appeal from an order granting a new trial "it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order. . . ." Defendant then argues that the court's specifications only recite that there was no evidence which would have justified the defense verdict on the basis of self defense; such a reason for granting a new trial is, however, only material if plaintiff was damaged; yet the trial court did not state that its belief that plaintiff was so damaged was one of the reasons for granting the new trial and since it did not say so it is conclusively presumed that such belief was not one of the reasons for the order.

In other words, it is contended that although it is presumed that the trial court knew the law and was aware that the whole problem of self-defense was academic if plaintiff suffered no injury, section 657 now demands that it make a record of his belief—implicit in the order granting the new trial—that plaintiff was damaged.

We do not believe that the Legislature ever intended such an interpretation of the 1965 amendments. ██ The point of the provision creating the conclusive presumption is to prevent affirmances on theories never articulated by the trial court, but "presumed" to have been the basis of the order where the enunciated reasons for the order do not justify it. We do not believe that the conclusive presumption was intended to lead to reversals of orders granting new trials simply because the trial court does not set forth each and every step in its reasoning which leads it to grant the motion where the specifications of reasons are in themselves supported by the record.

Defendant's last point is this: it is claimed that the provision of the 1965 amendments to section 657 which permits an appellate court to reverse "only if there is no substantial basis" for the reasons stated by the trial court, is an unconstitutional invasion of the appellate function.

---

[7] We accept this point for the sake of argument only. It seems to us that on defendant's own testimony plaintiff was at least entitled to nominal damages. (*Keister* v. *O'Neil*, 59 Cal.App.2d 428, 435 [138 P.2d 723]; Civ. Code, § 3360.)

In pointing out why we do not reach the point we do not wish to suggest it has any merit. Defendant does not urge reversal on any ground other than the lack of substantial basis for the trial court's reasons.[8] If the Legislature has unconstitutionally restricted the judicial function, defendant has not shown that he is affected thereby. ██ "The rule is well established, however, that one will not be heard to attack a statute on grounds that are not shown to be applicable to himself and that a court will not consider every conceivable situation which might arise under the language of the statute and will not consider the question of constitutionality with reference to hypothetical situations." (*In re Cregler*, 56 Cal. 2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305].)

The order is affirmed.

Hufstedler, J., and Stephens, J., concurred.

On February 14, 1968, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 20, 1968.

---

[8]Except, of course, the grounds relating to the interpretation and constitutionality of section 657 itself.