[Civ. No. 24142. First Dist., Div. Three. Apr. 14, 1969.]

MARY DIXON, Plaintiff and Appellant, v. ST. FRANCIS HOTEL CORPORATION et al., Defendants and Respondents.

Cartwright, Saroyan, Martin & Sucherman and Robert E. Cartwright for Plaintiff and Appellant.

Edward I. Pollock, Theodore A. Horn, Marvine E. Lewis, Ned Good and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Appellant.

Barfield, Barfield & Dryden, Cyril Viadro, Bronson, Bronson & McKinnon and Edwin L. Curry, Jr., for Defendants and Respondents.

DRAPER, P. J.—Plaintiff appeals from an order granting new trial in this action for personal injuries. The jury, by a vote of 10 to 2, returned a verdict for plaintiff in the sum of $35,000. New trial was granted on the grounds of error in law in admission of hearsay evidence and insufficiency of the evidence to justify the verdict. Appellant devotes most of her argument to the sufficiency issue, and neither respondent argues that there was an error in law. Hence we consider only whether the evidence was insufficient.

On a Saturday, plaintiff waited some 15 minutes in the lobby of the Sir Francis Drake Hotel for a friend to meet her for lunch. The lobby was being repainted but the painting contractor was not working that day. The contractor's equipment was placed along one side of the lobby. It included three pieces of staging for scaffolds, each 24 feet long, 18 to 20 inches wide, with a thickness of 7 inches at the center, and 2½ to 3½ inches at either end.

There is evidence that the three large pieces of staging were stacked atop each other; they were of a color different from and contrasting to that of the floor covering; they were stacked evenly, so that the end of none protruded. Each of these items of testimony was contradicted by evidence produced by plaintiff. It is undisputed that the lobby was well lighted and that plaintiff had seen the stored equipment while she awaited her friend. Although there is a conflict as to whether furniture was so placed as to limit entrance to the

equipment area, it is conceded that no ropes or continuous barriers barred such access and no warning signs were in place. When the friend arrived, she and plaintiff walked between two furniture pieces to the elevator. Both saw the stored equipment. They did not take an alternate route around it. As they passed one end of the stacked staging pieces, plaintiff tripped and fell, sustaining injuries.

It is apparent from this brief factual summary that the evidence would warrant a determination that the staging over which plaintiff tripped was plainly visible to one exercising ordinary care, and thus did not constitute a trap or an inconspicuous danger. Of course, the contrary conclusion could be reached if the evidence produced by plaintiff were accepted. The trial court timely filed a statement of its reasons for finding the evidence insufficient to support the plaintiff's verdict. That statement is set out in the footnote.[1]

Under the 1965 amendment, we look only to these reasons to determine adequacy of the evidence (Code Civ. Proc., § 657; *Mercer* v. *Perez*, 68 Cal.2d 104, 115 [65 Cal.Rptr. 315, 436 P.2d 315]).

Plaintiff-appellant first argues that the judge has no power to grant a new trial if there is evidence of substance to support the jury's verdict, and cannot grant "merely for the reason that if he had been sitting as the trier of the facts he would have decided the case differently."

But in *Mercer,* the Supreme Court stated (68 Cal.2d at p.

---

[1]*"Insufficiency of the evidence to justify the verdict.* The evidence discloses that a 24-foot plank, 18 inches wide, 6 inches thick in the center and tapering to 3 inches on each end, was placed on the floor of the hotel lobby by employees of the defendant-painting contractor. Two similar planks were placed on top of it with the end of the lowest one projecting somewhat. In the immediate vicinity of the planks were also placed ladders, scaffolding, buckets, drop cloths, and other equipment commonly used by the painters. All this equipment occupied a sizeable area in a corner of the lobby. This, in itself, violates no known rule of law nor does it give rise to any duty owed by the defendants to invitees unless it creates a dangerous condition. This Court feels that it did not.

"The basis of liability in this type of case is the superior knowledge of the invitor or landlord of a dangerous condition, thereby creating a duty to either correct or warn against.

"It is difficult for this Court to believe, after weighing all the evidence, that the defendants, by creating the condition described, thereby acquired a knowledge that would be superior to that of anyone else using that degree of care that the law requires to safeguard one's own safety.

"The Court is convinced after considering the law and the evidence, including all reasonable inferences therefrom, and after putting aside the sympathy which the Court has in full measure for the plaintiff, that neither defendant was negligent, but, on the other hand, plaintiff was negligent, and that her negligence was a proximate cause of her injuries."

112) the rules that the trial judge is authorized to "disbelieve witnesses, reweigh the evidence, and draw reasonable inferences therefrom contrary to those of the trier of fact;" that "all presumptions are in favor of the order as against the verdict"; and (p. 114) that the order will be reversed " 'only where it can be said as a matter of law that there is *no* substantial evidence to support a contrary judgment.' " (Citing *Yarrow* v. *State of California*, 53 Cal.2d 427, 434-435 [2 Cal.Rptr. 137, 348 P.2d 687].)

Although *Mercer* only infers that the *Yarrow* rule continues despite the amendment of section 657, the point has been squarely decided in later Court of Appeal decisions. The amendment not only contains nothing to deprive the trial court of the right to weigh the evidence, but specifically recognizes that power (*Kramer* v. *Boynton*, 258 Cal.App.2d 171, 174 [65 Cal.Rptr. 669], hearing den.). The amendment does not "curb the discretion vested in the trial judge" (*Mehling* v. *Schield*, 253 Cal.App.2d 55, 60 [61 Cal.Rptr. 159], hearing den.) to grant new trial "if [he] disagreed with the verdict." (*Funderburk* v. *General Tel. Co.*, 262 Cal.App. 2d 869, 877 [69 Cal.Rptr. 275].)

The next question is whether the trial court adequately met the requirement of section 657 that it state the reasons for its determination. Under that provision, we conclusively presume that the order was made only for the reasons specified, and we may reverse "only if there is no substantial basis in the record for any of such reasons."

The trial judge's statement makes clear that he resolved in favor of plaintiff the conflict as to whether one of the three "planks" protruded beyond the others. But he makes equally clear that, on adequate evidence, he considered the danger fully obvious to any casual passerby exercising ordinary care.

Section 657 requires only a "concise but clear statement," which "must briefly identify the portion of the record" which convinces the judge that "a jury clearly should have reached a different verdict." (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 115-116.) The statement here made compares most favorably with those held adequate by the Court of Appeal in decisions following *Mercer* (e.g., *Funderburk* v. *General Tel. Co., supra,* 262 Cal.App.2d 869; *Kincaid* v. *Sears, Roebuck & Co.,* 259 Cal.App.2d 733 [66 Cal.Rptr. 915]; *Matlock* v. *Farmers Mercantile Co.,* 258 Cal.App.2d 362 [65 Cal.Rptr. 723]; *Kramer* v. *Boynton, supra,* 258 Cal.App.2d 171; *Mehling* v. *Schield, supra,* 253 Cal.App.2d 55). In each of these

cases save *Funderburk* the Supreme Court denied a petition for hearing. The decision upon which plaintiff relies (*Van Zee* v. *Bayview Hardware Store*, 268 Cal.App.2d 351 [74 Cal. Rptr. 21]) is readily distinguishable. That was a products liability case. As the decision points out (p. 378), plaintiff was entitled to recover if he proved only that "he was injured while using the product as it should be used." The trial judge's only stated reason for granting new trial was that the evidence was insufficient to establish that "the paint can was defective at any time prior to the delivery of said can to plaintiff." But the essence of the products liability rule is to relieve plaintiff of this burden, absent a showing of damage to or misuse of the product by plaintiff. Here the reason stated goes to the core issue involved.

Finally, we must decide whether this view of the facts would support in law a judgment for defendants. If not, the verdict must stand, and the order must be reversed. Under the rule in effect when the order was made, liability of a land-owner turned in large part upon the status of the visitor. Under that rule, the owner was not absolutely liable for the safety of a business invitee, but was entitled to assume that such invitee will "perceive that which would be obvious to him upon the ordinary use of his own senses" (*Curland* v. *Los Angeles County Fair Assn.*, 118 Cal.App.2d 691, 695 [258 P.2d 1063]). Since the grant of new trial, it has been held that California no longer distinguishes rigidly the degrees of care owed a business invitee, a licensee and a trespasser (*Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561]). The trial judge's reference to "invitees" and to absence of "superior knowledge of the invitor" obviously refers to the then rule. It may somewhat inartfully apply the new rule of *Rowland*. But by clear implication it shows that the judge accepted evidence which showed the danger to be obvious, thus negating the foreseeability by defendants necessary to establish negligence, and also establishing negligence of plaintiff (see *Rowland* v. *Christian, supra,* 69 Cal.2d 108, 111, 119-120). Thus the reasons given support the grant of new trial under the most recent rule.

We recognize that new trial is not to be granted for insufficiency of evidence unless the trial court, after weighing the evidence, "is convinced . . . that the . . . jury clearly should have reached a different verdict" (Code Civ. Proc., § 657). Plaintiff argues that on the record before us this test is not met. We have cited the authority holding that the

amendments to that section do not curb the previously recognized power of the trial court upon its review and reweighing of the evidence. It seems that it is the trial court which is to be "clearly convinced" and is to determine whether that clarity of conviction exists. We need not determine, however, whether the language of the amendment alters the scope of review on appeal in a close case. Here direct evidence supports the trial court's determination, and we have no problem of attentuation of inferences. Since the trial judge saw and heard the witnesses, we do not disturb his evaluation of the weight of their testimony.

Order affirmed.

Brown (H. C.), and David, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 11, 1969.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.