[Civ. No. 25103. First Dist., Div. One. May 27, 1969.]

CONCEPCION MARTINEZ, a Minor, etc., et al., Plaintiffs and Appellants, v. MYRON HARRIS, Defendant and Appellant.

Bostwick & Rowe and Everett P. Rowe for Plaintiffs and Appellants.

Miller, Van Dorn, Hughes & O'Connor and Douglas R. O'Connor for Defendant and Appellant.

SIMS, J.—Plaintiffs, injured parties and the heirs of deceased parties,[1] appeal from an order of the trial court granting defendant's[2] motion for a new trial in an action arising from an accident involving three automobiles. (See Code Civ. Proc., former § 963, subd. 2; now § 904.1, subd. (d).) Defendant, via a cross-appeal, appeals from the judgment against him. (See Cal. Rules of Court, rule 3, subd. (a)(2).)

Plaintiffs in their appeal contend that the statement of reasons in the court's order granting the new trial on the basis of insufficiency of the evidence is inadequate, and that there-

[1]Plaintiffs, denominated plaintiffs-appellants in the appeal from the order granting the new trial, are also respondents on the cross-appeal from the judgment. They are: Concepcion Martinez, Augustin Martinez, Jr., Luz Maria S. Martinez, Jose Luis Martinez, Ruben Martinez Ruïs, and Heriberto Rodriguez. Augustin Martinez, Jr., who was born after the accident, was brought in by amendment to the complaint.

[2]Harris is the only original defendant with whom this appeal is concerned. Harris is denominated defendant in this opinion. He is the defendant-respondent on the appeal from the order granting the new trial, and the appellant on the cross-appeal from the judgment.

fore the court's order cannot be sustained on that ground. They further contend that there is nothing in the record to support the order. Defendant on the cross-appeal contends that the trial court erred in refusing to give an instruction on plaintiffs' contributory negligence, and in the giving of various instructions.

It is concluded that the court's order granting the new trial complied with the provisions of section 657 of the Code of Civil Procedure as they existed at the time the order was made (Stats. 1965, ch. 1749, § 1, p. 3922), and that the order is supported by the record. The order granting the new trial must be affirmed. Defendant's cross-appeal is thereby rendered moot and should be dismissed. (*Brignoli* v. *Seaboard Transp. Co.* (1947) 29 Cal.2d 782, 792 [178 P.2d 445]; *Alhambra Consol. Mines, Inc.* v. *Alhambra Shumway Mines, Inc.* (1966) 239 Cal.App.2d 590, 600 [49 Cal.Rptr. 38]; *Kubowitz* v. *Canon* (1961) 194 Cal.App.2d 378, 385 [14 Cal.Rptr. 824]; *Freeman* v. *LaMorte* (1957) 148 Cal.App.2d 670, 675 [307 P.2d 734]; *People* v. *McCullough* (1950) 100 Cal.App.2d 101, 111 [223 P.2d 37]; 3 Witkin, Cal. Procedure (1954) Appeal, § 122, p. 2299.)

*Statement of Facts*

The instant case arose from a three-car collision which occurred on Mission Boulevard in Fremont, at 7:25 p.m. on June 5, 1964. The weather at the time of the accident was good, it was still daytime and it was "very" clear.

Defendant, Myron Harris, and his passenger Mrs. Rochelle Kaven, had just entered Mission Boulevard from Nursery Street. Defendant followed the curving lane provided for traffic merging into the southbound lane of Mission. No stop sign was present along the merging lane. At the point where defendant entered Mission there was only one southbound lane. A short distance from that point, Mission widens to two lanes southbound, and one lane northbound. After defendant had driven some 332 feet south on Mission his car was struck from behind by a car driven by Hervey Chairez. Mrs. Kaven was thrown from defendant's car. The Chairez car spun off the roadway onto the unimproved area adjacent to the southbound lanes. Defendant's car crossed into the northbound lane and collided with a car driven by Augustin Martinez. Seated next to Martinez was his father Rafael Martinez. Both men were killed. Jose Martinez, a brother of the driver, and Heriberto Rodriguez, a cousin, were in the back seat.

Four witnesses testified as to the events surrounding the

collision. In addition, Police Officer Comp testified to the physical facts of the collision, determined from his investigation.

Defendant Harris, who was 76 years old at the time of the accident, testified as follows: He drove his car east on Nursery Street and approached Mission Boulevard at a speed of 30-35 miles per hour. He followed the curving lane provided for traffic merging into the southbound lane of Mission, maintaining the same speed. As he traversed the curve, he looked to his left and observed no southbound traffic on Mission. He made no observation as to traffic to his rear at this intersection. After he entered Mission and up to the time of impact he did not look into his rear view mirror to determine traffic conditions behind him. He could not recall if he was conversing with Mrs. Kaven at that time. After his car was on Mission he increased his speed to approximately 35-40 miles per hour. He proceeded south on Mission on that portion of the roadway just next to the right shoulder, and continued in the lane farthest to the right both before and after passing a point where Mission widens to two lanes southbound. It was his intention to stay in the right lane; he did not plan to turn until reaching Niles Canyon Road, about one mile away. He was not confused about where he was going.

After he had driven 332 feet south on Mission his car was struck from the rear by the Chairez automobile. At all times prior to the impact, he had remained completely within the lane farthest to the right, the slow lane. At no time prior to the impact had he changed his course within that lane or applied his brakes or slowed down. The impact was of such force that it snapped his head back, stunning and dazing him, and pushed his car forward at an angle toward the left. He felt as though the Chairez car had continued to push his car along for two or three seconds during which time he tried to keep his car on the right side of the road. He could not remember if he had applied his brakes, although he initially told the police that he had. He was unsuccessful in that effort to keep the car on the right side of the road and the car was shoved to the opposite side of Mission where it collided with the Martinez car.

Mrs. Kaven's testimony supported that of defendant. She testified that defendant drove at approximately 30-35 miles per hour. She felt that the speed during the drive was consistent. The car at the time of the first impact was in the right hand lane. Prior to impact she did not observe the car that

struck defendant's car. She lost consciousness after this impact and her next recollection was awakening on the pavement.

Heriberto Rodriguez, a passenger in the back seat of the Martinez car, testified through an interpreter. He testified as follows: He first saw defendant's vehicle when it entered Mission Boulevard. At that time defendant was traveling at about 40 miles an hour. Defendant entered the fast lane or center lane, at the point where Mission became two lanes southbound. Defendant's car was struck as it was moving from the fast lane into the slow lane, at a point in the center of the broken white line dividing the two southbound lanes. Defendant had slowed down to enter the slow lane. The witness further testified that he did not see Harris give any lane change signal prior to the first impact, and that after the impact defendant's car went into an arc toward the outside shoulder and turned in toward the center of the road, crossing the highway and coming into the northbound lane. Chairez' car did not remain connected to defendant's car after the first impact. Defendant's car kept going by itself. Defendant's vehicle was damaged on its right rear side, Chairez' vehicle on the left front, and Martinez' car in the front and on the left side. Rodriguez indicated that at the time of the first impact Augustin Martinez had slowed down. At no time did the Martinez car leave the northbound lane.

The record reflects that this witness had completed two years of university training and had studied various sciences and mathematics. He had 10 years of driving experience.

Hervey Chairez also testified through an interpreter. He testified that he saw defendant make the turn from Nursery onto Mission, and proceed from the single lane into the fast lane. Chairez was in the single lane at that time, and continued into the slow lane. Chairez gained on defendant, and suddenly defendant slowed down and moved into the slow lane. At this point, Chairez was about 50 feet behind defendant, and traveling at about 40 miles an hour. Chairez saw the brake lights of defendant's vehicle go on as defendant changed lanes. Chairez then applied his brakes and turned toward the right. The impact occurred. Chairez' car separated very rapidly from defendant's car and skidded off the road, landing some 10 feet from the right edge.

Chairez was determined to have been under the influence of alcohol at the time of the accident to the extent that his blood alcohol level was .23. Police Officer Comp indicated that Chairez was traveling between 50-60 miles an hour at the time

of the accident. The posted speed limit was 50 miles an hour. The police officer and Chairez disagreed in their testimony as to whether Chairez assented to the taking of blood, who took the blood, and whether Chairez had given a statement directly to the officer or to a Portuguese who had questioned Chairez in a mixture of Spanish and Portuguese. The officer found that the first point of impact was somewhere in the slow lane. He noted damage to the left front and left side of the Chairez' vehicle, damage to the right rear and left front of defendant's vehicle, and damage to the entire front end of the Martinez vehicle.

## Procedural Background

Plaintiffs, the surviving passengers from the Martinez vehicle, and the heirs of those killed in that car, filed a complaint against Harris, Mrs. Kaven, and Chairez. Mrs. Kaven was subsequently granted a summary judgment. Previously Harris and Mrs. Kaven had filed separate actions against Chairez. These actions were all consolidated for trial.

The jury returned a verdict in favor of Chairez in Harris' action against him, and awarded Mrs. Kaven damages in her action against the same defendant. In this action the jury awarded the plaintiffs, severally, damages which aggregated $90,000 against Harris and Chairez.

Following entry of judgment on all of the verdicts, Harris filed and presented motions for new trial in the two actions in which he was involved. Chairez made similar motions in the Kaven and Martinez actions. The court granted Harris' motions in both actions, and denied the motions made by Chairez. Chairez, so far as appears from the record in these proceedings, has not appealed from the order granting Harris a new trial in the original action against Chairez, or from the judgments against him in the Kaven and Martinez actions. He is not a party to this appeal. This action concerns only the appeal from the order granting Harris a new trial in the Martinez action, and his cross-appeal from the judgment in that action.

## Sufficiency of the Court's Reason

The notice of intention to move for a new trial filed by Harris as a defendant in this action sets forth the seven statutory grounds in the language then (March 14, 1966) found in section 657 of the Code of Civil Procedure. (Stats. 1965, ch. 1749, § 1, p. 3922.) In the memorandum filed in support of the motion the defendant stated: "We urge that the Motion for New Trial of defendant MYRON HARRIS must be

granted due to insufficiency of the evidence to justify the verdict and that it is against law, and we respectfully submit that it is the duty of the Court to grant a new trial.'' He concluded: ''It is respectfully submitted that the testimony of the party witness, RODRIGUEZ, that defendant MYRON HARRIS suddenly changed lanes, was not only contradicted, but was unsupported by the physical evidence as testified to by the impartial, independent witness, Police Officer Comp. Defendant MYRON HARRIS respectfully submits that such testimony was insufficient to justify the verdict and that the verdict is against law.'' In a supplemental memorandum he urged ''that errors of law occurred in the giving of certain erroneous and confusing instructions to the jury.''

The court on May 6, 1966, in granting the motions made by Harris as plaintiff in the other action, and as defendant in this action, made the following order: ''IT IS HEREBY ORDERED that the motion for new trial filed by and on behalf of Plaintiff and Defendant Myron Harris in the above-entitled consolidated lawsuits be and the same is hereby granted on the grounds set forth in said motion including insufficiency of the evidence to justify the verdict as it applies to said Myron Harris.

''The evidence was insufficient to justify a verdict against Plaintiff Myron Harris and insufficient to justify a verdict against Defendant Myron Harris in that no evidence that the Court believed was produced to support a finding of negligence on his part constituting a proximate cause of any of the accidents involved in these consolidated lawsuits.''

The amendments to section 657 of the Code of Civil Procedure in 1965 provide in part: ''When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated . . . on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.''

In *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], the court considered the foregoing provisions,

and concluded, "And to give full effect to the new scope of review provided in the fourth paragraph of the 1965 amendments, discussed hereinabove, we hold that if the ground relied upon is 'insufficiency of the evidence' the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' Phrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments . . . such an order must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (68 Cal.2d at pp. 115-116; fn. omitted.)

In *Mercer* the order considered recited, " '. . . The court is of the definite opinion, after analyzing the evidence in this case, that there has been a definite miscarriage of justice. The court is of the opinion that the jury trying this case should have rendered a verdict for the plaintiffs, and against the defendants.' " (*Id.*, p. 108.) The court ruled, "In the case at bar no reasons whatever were furnished by the trial court, either in its order or by a subsequent specification in writing: if the court's statement that the jury 'should have rendered a verdict for the plaintiffs' is barely construable as the ground of its ruling, it is *a fortiori* inadequate to serve also as the reason for adopting that ground." (*Id.*, p. 116.) The court referred with approval to *Greenwood* v. *Bogue* (1959) 53 Wn.2d 795 [337 P.2d 708] in which case the court found a statement " 'there was no evidence to justify a verdict except on behalf of the plaintiffs' " inadequate to comply with a rule of court which required " 'definite reasons of law and facts for' " granting a motion for a new trial. (*Id.*, pp. 116-117.) The court rejected the contention that such a limited statement should be interpreted, in the light of the pleadings, as an implied specification of findings that according to the evidence, each specific issue raised should have been determined in favor of the party to whom the new trial was granted. (*Id.*, at pp. 117-118.) The order granting the motion for a new trial was reversed. (*Id.*, pp. 118-119. See also *Van Zee* v. *Bayview Hardware Store* (1968) 268 Cal.App.2d 351, 359-362 [74 Cal.Rptr. 21]; *Hilts* v. *County of Solano* (1968) 265 Cal.App.2d 161, 177-178 [71 Cal.Rptr. 275]; *McLaughlin* v. *City & County of San Francisco* (1968) 264 Cal.App.2d 310, 314-318 [70 Cal.Rptr. 782]; *Tagney* v.

*Hoy* (1968) 260 Cal.App.2d 372, 374 [67 Cal.Rptr. 261]. Cf. *Dixon* v. *St. Francis Hotel Corp.* (1969) 271 Cal.App.2d 739, 742 [77 Cal.Rptr. 201]; *Hayes* v. *Long Beach Banana Distributors, Inc.* (1969) 270 Cal.App.2d 658, 662-663 [76 Cal.Rptr. 260]; *Hoover* v. *Emerald* (1968) 265 Cal.App.2d 637, 640-641 [71 Cal.Rptr. 500]; *Funderburk* v. *General Tel. Co.* (1968) 262 Cal.App.2d 869, 873-877 [69 Cal.Rptr. 275]; *Kincaid* v. *Sears, Roebuck & Co.* (1968) 259 Cal.App.2d 733, 737-740 [66 Cal.Rptr. 915]; *Matlock* v. *Farmers Mercantile Co.* (1968) 258 Cal.App.2d 362, 367 [65 Cal.Rptr. 723]; *Kramer* v. *Boynton* (1968) 258 Cal.App.2d 171, 173-174 [65 Cal.Rptr. 669].)

There is no need to attempt to reconcile or distinguish each of the cases which have been referred to above. Some may appear incompatible with others. *Mercer, supra,* states, "No hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case." (68 Cal.2d at p. 115.) Attention is more profitably directed to the question of whether the reason stated by the court in this case complies with the legislative intent as perceived and articulated in *Mercer.*

 The *Mercer* opinion states: ". . . one of the functions of the requirement of specification of reasons is to promote judicial deliberation before judicial action, and thereby 'discourage hasty or ill-considered orders for new trial.' (Review of Selected 1965 Code Legislation (Cont.Ed. Bar), p. 81.)" (68 Cal.2d at p. 113.) The statement "no evidence that the Court believed was produced to support a finding of negligence on his [Harris'] part constituting a proximate cause of any of the accidents involved in these consolidated lawsuits" bears within it the concept that the court conscientiously reviewed and analyzed the evidence offered to establish Harris' negligence.[3]

 "The second purpose of this requirement is to make the right to appeal from the order more meaningful." (*Id.,* p. 113.) The court observed, ". . . when the appeal was taken from an order granting a new trial on the ground of insuffi-

---

[3]Parenthetically it may be observed that the motions for new trial were presented and argued four weeks after the entry of judgment. At that time the court ordered all counsel to prepare and submit briefs in addition to the points and authorities which previously had been submitted in support of the motions. A second hearing was held after the expiration of the time fixed for briefing, and the court then continued the matter 10 days for decision. It cannot realistically be urged that the order was "hasty or ill-considered" in this case.

ciency of the evidence to justify the verdict or decision. . . .
[T]he appellant . . . had no way of knowing which portions
of the proof were deemed inadequate and required justifica-
tion before the reviewing court. The latter, in turn, was bound
by the rule that an appeal can succeed on this ground 'only
where it can be said as a matter of law that here is *no* sub-
stantial evidence to support a contrary judgment' (italics
added) (*Yarrow* v. *State of California* (1960) *supra*, 53
Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]). The scope of
review thus encompassed the entire body of the testimony and
exhibits introduced at the trial. The appellate court could find
itself considering alleged insufficiencies totally unrelated to
those relied upon by the trial judge; and without further
elucidation of the order, the principle that an abuse of discre-
tion cannot be found in cases in which the evidence is in
conflict and a different verdict could have been reached
(*Hames* v. *Rust* (1939) 14 Cal.2d 119, 124 . . .) 'constitutes
an iron curtain, cutting off any adequate review of whether or
not there was *any* reason for the trial judge to set aside the
verdict of the jury and grant a new trial.' (Italics added.)
(*Coppo* v. *Van Wieringen* (1950) 36 Wn.2d 120 [217 P.2d
294, 297].) '' (*Id.*, p. 114; fn. omitted.)

 No such problem is presented in this case. The court's
statement is concise and clear. The judge did not believe the
evidence presented by plaintiffs in support of their case
against Harris. No good purpose would be served by setting
out through page and line, or other method, the particular
testimony involved. In *Van Zee* v. *Bayview Hardware Store*,
*supra*, the court observed: "The trial judge may have found
this testimony unconvincing. If so, it would take a sentence or
two to declare this." (268 Cal.App.2d at p. 360.) The
order reveals to the plaintiffs, as appellants, and to this appel-
late court the respects in which the trial court found the
evidence to be insufficient. There remains for consideration
only the legal questions of whether there is a "substantial
basis in the record" for the court's disbelief of the evidence,
and whether the trial court "after weighing the evidence"
was warranted in forming the conviction "from the entire
record, including reasonable inferences therefrom, that the
. . . jury clearly should have reached a contrary verdict or
decision." (See Code Civ. Proc., § 657; Stats. 1965, ch. 1749,
p. 3922.)

*Sufficiency of the Court's Grounds*

The provisions of section 657, as quoted above, appear to

require a reversal of an order granting a motion for a new trial upon the ground of insufficiency of the evidence to justify the verdict if there is no substantial basis in the record for the reason specified for granting the new trial on that ground. It has been suggested that this test is an unconstitutional invasion of the appellate function by the Legislature. (See *Kramer* v. *Boynton, supra,* 258 Cal.App.2d 171, 175-176.) It is unnecessary to consider that point.

Evidence Code section 780 states in part: "Except as otherwise provided by statute, the court or jury may consider in determining the credibility of a witness any matter that has any tendency in reason to prove or disprove the truthfulness of his testimony . . ." This section merely restates the prior law. (See Code Civ. Proc., former §§ 1847, 2049, 2051, 2052 and 2053; and Law Revision Com. Comment to § 780.) The trial court had an opportunity to observe the witnesses' demeanor while testifying, and the manner in which each of the witnesses, who furnished evidence concerning the alleged negligence of Harris, testified. It was entitled to consider the capacity and opportunity of the witnesses to perceive the matters about which they testified. It is noted that there was evidence to show that witness Chairez was under the influence of alcohol, and that the witness Rodriguez was seated in a position from which it might be difficult to observe the relative movements of vehicles approaching from the opposite direction on the other side of the highway. The court could also consider the existence of bias, interest and motivation of the witnesses who were each pecuniarily interested in the outcome of the consolidated cases. It also appeared that although Chairez had not made a direct prior inconsistent statement, he never, before the trial, asserted that Harris had made a sudden lane change. If the court believed Harris and Mrs. Kaven, the witnesses' statements were inconsistent with established facts. (See Evid. Code, § 780, subds. (a), (b), (c), (d), (f), (h) and (i).) It is difficult to conceive of a case in which there is conflicting testimony, in which there would be no substantial basis in the record for disbelieving the evidence offered in support of one or the other of the conflicting versions.

Section 657 further provides: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision."

In *Mercer* the court indicated, ". . . this paragraph of the statute merely restates without change in substance the traditional power of the trial judge in ruling on a motion for new trial. (See *People* v. *Robarge* (1953) 41 Cal.2d 628, 633 . . .)" (68 Cal.2d at p. 116, fn. 4. See also *Dixon* v. *St. Francis Hotel Corp.*, *supra*, 271 Cal.App.2d 739, 743; *Funderburk* v. *General Tel. Co.*, *supra*, 262 Cal.App.2d. 869, 877; and *Kramer* v. *Boynton*, *supra*, 258 Cal.App.2d 171, 174.)

The reference in *People* v. *Robarge* (1953) 41 Cal.2d 628 [262 P.2d 14], reads as follows: "While it is the exclusive province of the jury to find the facts, it is the duty of the trial court to see that this function is intelligently and justly performed, and in the exercise of its supervisory power over the verdict, the court, on motion for a new trial, should consider the probative force of the evidence and satisfy itself that the evidence as a whole is sufficient to sustain the verdict. [Citations.] It has been stated that a defendant is entitled to two decisions on the evidence, one by the jury and the other by the court on motion for a new trial. [Citations.] This does not mean, however, that the court should disregard the verdict or that it should decide what result it would have reached if the case had been tried without a jury, but instead that it should consider the proper weight to be accorded to the evidence and then decide whether or not, in its opinion, there is sufficient credible evidence to support the verdict. [Citations.]" (41 Cal.2d at p. 633.)

The applicable rules on review of the court's action in granting a motion for new trial have been stated as follows: "The review of an order granting a new trial proceeds from a different premise than the review of an order granting a judgment notwithstanding the verdict. As stated in *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358, 359 . . . : 'This court has recently reiterated the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. All presumptions are in favor of the order and it will be affirmed if it is sustainable on any grounds. [Citation.] The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. [Citations.] The only conflict may be the

opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for "It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court." (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689]; other citation omitted.)' " (*McFarland* v. *Voorheis-Trindle Co.* (1959) 52 Cal.2d 698, 707 [343 P.2d 923]. See also *Hoover* v. *Emerald, supra,* 265 Cal.App.2d 637, 640; *Alhambra Consol. Mines, Inc.* v. *Alhambra Shumway Mines, Inc., supra,* 239 Cal.App.2d 590, 597; and *Montijo* v. *Western Greyhound Lines* (1963) 219 Cal.App.2d 342, 348 [33 Cal.Rptr. 184].)

In the absence of proof of negligence, plaintiffs' evidence being disbelieved, and in the face of the defendant's evidence that he exercised due care, it cannot be said that there is no evidence which would support a judgment in favor of the successful moving party.

Plaintiffs have confused the rule governing review of an order granting a new trial and the rule governing review of an order granting a nonsuit, directed verdict, or judgment notwithstanding the verdict. In the latter case, the motion cannot be granted unless a finding contrary to the moving party would be "against law." (See *Brooks* v. *Harootunian* (1968) 261 Cal.App.2d 680, 686 [68 Cal.Rptr. 374]; *Tagney* v. *Hoy, supra,* 260 Cal.App.2d 372, 376; and *Kincaid* v. *Sears, Roebuck & Co., supra,* 259 Cal.App.2d 733, cf. pp. 741-742 with pp. 742-743.) They state: "The law of the State of California, as well as all other jurisdictions in the United States and in England, always has been that it is error for a trial judge to grant a new trial for the reason that if he had been sitting as the trier of the facts he would have decided the case differently on the issue of liability." There is no such rule proscribing the action of the court on a motion for new trial when the evidence will support a contrary finding.

Plaintiffs also attempt to construe the court's reason as though it read that "no evidence that the Court believed was produced to support a finding of . . . proximate cause." They suggest that the evidence requires a finding that since the Harris car struck the Martinez car, there is no room for questioning the fact that any act or omission in the operation of the Harris car was a cause of the ensuing collision. This is an unwarranted perversion of the language in the order of the

court. (See *Kramer* v. *Boynton, supra,* 258 Cal.App.2d 171, 175.) There was never any question concerning the fact that the cars collided, the sole issue was whether any negligence on the part of Harris contributed to the collision. On that issue the evidence was in conflict.

Plaintiffs point out that generally the questions of negligence and proximate cause are questions of fact and cannot be resolved as a matter of law. (See *Hudson* v. *Rainville* (1956) 46 Cal.2d 474, 477 [297 P.2d 434]; *Callahan* v. *Gray* (1955) 44 Cal.2d 107, 111 [279 P.2d 963]; *Thirion* v. *Fredrickson & Watson Constr. Co.* (1961) 193 Cal.App.2d 299, 305-307 [14 Cal.Rptr. 269].) This principle furnishes them no relief. Within the principles enunciated above, the granting of a new trial is erroneous only when a contrary result cannot be supported as a matter of law. (Cf. *Torres* v. *Southern Pac. Co.* (1968) 260 Cal.App.2d 757, 763 [67 Cal.Rptr. 428].)

The order granting the new trial is affirmed. The cross-appeal from the judgment is dismissed. Defendant to recover costs on appeal.

Molinari, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied June 26, 1969.