[Sac. No. 5470. In Bank. Mar. 30, 1942.]

ETHEL BECK, Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

William S. Van Dyke and W. H. Brunner for Petitioner.

Lilburn Gibson and Mannon & Brazier for Respondents.

SHENK, J.—By this proceeding in certiorari the petitioner seeks the annulment of an order granting a new trial.

In the matter of the Estate of Chris Norgard, deceased, the petitioner contested the will after probate. The contest was tried in the Superior Court in and for Mendocino County before Judge W. D. L. Held of that county sitting with a jury. A verdict in favor of the contestant was returned by the jury on October 26, 1940, and an order was entered on October 30, revoking the probate of the will. A notice of intention to move for a new trial was filed on November 7. On November 22 Judge Held made and entered in the minutes of the court an order reciting the presence of counsel for both parties and ordering that "the motion for a new trial is hereby set for December 6, 1940."

The minutes of the court of December 6, with Judge Held presiding, show the following: "said matter [Estate of Chris Norgard] is hereby continued to December 9, 1940 for hearing on motion for new trial." On December 9, Judge Donald Geary of the Superior Court in and for Sonoma County was presiding in the Superior Court in Mendocino County in the place of Judge Held, and in turn Judge Held was presiding on the same day in Sonoma County in Judge Geary's place. When the motion for a new trial was called by Judge Geary on December 9, both parties were represented by counsel. The minutes of the court for that day show: "This matter came on for hearing on motion for new trial . . . upon the statement of Judge Geary that Judge Held was supposed to be holding court in Sonoma County, it was stipulated that Judge Held is out of the County. Hearing is hereby continued by consent to December 18, 1940, in order that Judge Geary may read the transcript prepared in this matter." The minutes of December 18 show: "This matter came regu-

larly on for hearing of motion for new trial . . . Respective counsel stipulated that trial Judge Hon. W. D. L. Held is at this time absent from the County of Mendocino.'' After argument on that day the motion was submitted for decision. On December 28, Judge Geary signed an order granting a new trial upon the ground of insufficiency of the evidence and other grounds, which order was filed on December 30, 1940. No appeal was taken from this order.

On February 5, 1941, the contestant, petitioner here, filed a notice of· motion to vacate the order granting a new trial on the ground ''that said order granting a new trial is void as being in excess of the jurisdiction of the Hon. Donald Geary, the Judge who made and entered the same.'' In his affidavit which accompanied the notice of motion petitioner's counsel alleged that Judge Held was not absent from the County of Mendocino on December 18, 1941, but was merely absent from the city of Ukiah, the county seat, during the morning of that day. On February 10, 1941, the motion to vacate was heard by Judge Geary, affidavits and oral testimony were introduced and received on behalf of the respective parties, and an order was made denying the motion. The present proceeding was then commenced by the petitioner and the writ of certiorari issued.

It further appears from the petition and the return to the writ that when Judge Held called his calendar on December 6, 1940, he did not hear or otherwise entertain the motion for a new trial except to make an order continuing the same to December 9, 1940; that when the motion was called for hearing by Judge Geary on December 9, 1940, the transcript of the evidence taken at the trial was presented to the court for consideration on the motion; that Judge Geary then took note of the size and extent of the transcript so presented and stated that he wanted to read the transcript before he made a ruling on the motion; that in order that he might read the transcript in the meantime the further consideration of the motion was continued to December 18, 1940; that on the latter date Judge Geary heard the argument on the motion and made an order of submission; that counsel for the petitioner saw Judge Held at Ukiah, the county seat of Mendocino County, on that day after the motion for a new trial was submitted for· decision to Judge Geary and suspected that Judge Held had been in Mendocino County when the motion

was argued and submitted but had no definite information on that subject until January 23, 1941.

The petitioner relies on section 661 of the Code of Civil Procedure which provides in part as follows: ''The motion for a new trial shall be heard and determined by the judge who presided at the trial; provided, however, that in the case of the inability of such judge or if at the time noticed for hearing thereon he is absent from the county where the trial was had, the same shall be heard and determined by any other judge of the same court. Upon the expiration of the time to file counter affidavits the clerk forthwith shall call the motion to the attention of the judge who presided at the trial, or the judge acting in his place, as the case may be, and such judge thereupon shall designate the time for oral argument, if any, to be had on said motion.''

It is the contention of the petitioner that on the record here presented Judge Geary was not qualified to hear and pass upon the motion for a new trial. In disposing of the contention it is of course taken as a fact that Judge Held was in Mendocino County on December 6, and it will be assumed, notwithstanding the stipulation to the contrary made by counsel for petitioner in open court on December 18, 1940, that Judge Held was not absent from the county of Mendocino on that day. With those facts in view counsel for petitioner insists that under the provisions of section 661 above quoted, Judge Geary had no power to hear and determine the motion.

In the consideration of the meaning and effect of the quoted language of section 661 it is at once observed that a motion for a new trial is not such a motion as is ''noticed for hearing'' under the practice and procedure with reference to motions made on notice by one party to another. Such a motion is not set for hearing on such a notice but is set for hearing by order of court. This order need not be made by the judge who tried the case but may be made by a ''judge acting in his place.'' Whether made by the judge who presided at the trial or the judge acting in his place the time so appointed may not suit the convenience of the judge who is to hear and determine the motion and a continuance may be necessary. There is nothing in the section which requires that the motion be heard on the day first appointed. In other words, as applied to the present proceeding, there is nothing in the section which could have prevented Judge

Held from making the order, as he did on December 6, continuing the motion to a later date, and the motion would come on regularly for hearing on such later date before any judge qualified to hear the same. The date to which the motion was continued was December 9. Judge Geary was qualified to preside in the Superior Court in and for Mendocino County on that day under an assignment by the chairman of the Judicial Council. Judge Held was admittedly absent from the county on that day. Judge Geary was therefore qualified to hear the motion on that day and if he had both heard and determined the same on that day no question of his qualifications to do so could properly have arisen. Likewise if Judge Geary actually entered upon the hearing of the motion on that day he had the right to conclude the hearing at a later time even though a continuance for that purpose was found to be necessary or desirable.

The record shows that the hearing on the motion commenced on December 9. The motion was called on that day. The transcript of the evidence taken at the trial was thereupon submitted to the court, and was partially examined by Judge Geary. Because of the rather voluminous record and the fact that the main ground of the motion was the insufficiency of the evidence to support the verdict it was appropriate that the judge should desire to familiarize himself with the record before disposing of the motion. The consideration of the record so submitted to the court on December 9 should be deemed as much a part of the hearing on the motion as the subsequent argument on December 18 to which date the motion was continued for further hearing.

Since, therefore, the hearing on the motion had commenced on December 9, Judge Geary unquestionably had the right to continue the same for further hearing without affecting his qualifications to finally determine the motion notwithstanding the fact that Judge Held might have been within the county during some or all of the time of the subsequent hearing.

The order is affirmed.

Gibson, C. J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.