[Civ. No. 34623. Second Dist., Div. One. Feb. 5, 1970.]

BARBARA JONES, a Minor, etc., Plaintiff and Appellant, v. ROBERT L. EVANS, Defendant and Appellant.

## COUNSEL

Nathaniel J. Friedman for Plaintiff and Appellant.

Stockdale, Estes & Bruggeman and Louis D. Estes for Defendant and Appellant.

## OPINION

**GUSTAFSON, J.**—On May 16, 1966, defendant Evans, a dealer in used electric cars and automobiles, sold a 12-year-old Pontiac to Carrie V. Pickard, an elderly woman who had previously driven only electric cars which she had purchased from Evans. About three weeks later Mrs. Pickard

drove the automobile in a negligent manner and seriously injured the plaintiff.

Plaintiff sued Evans and Pickard and the jury returned a verdict against both in the sum of $48,823. Defendant Evans moved for a judgment notwithstanding the verdict which was denied and for an order granting a new trial which was granted. Plaintiff appeals from the order granting the new trial and defendant Evans appeals from the judgment and from the order denying his motion for judgment notwithstanding the verdict.

Plaintiff first contends that the court lacked jurisdiction to grant the new trial. This contention is based on the facts that defendant Evans "failed to file and serve notice" of the hearing on the motion for a new trial and that the only notice received was an "informal notice" from the clerk. Plaintiff apparently believes that a notice of hearing on the motion for a new trial must be served and filed by the attorney for the opposing party. This belief is incorrect.

■ "[A] motion for a new trial is not such a motion as is 'noticed for hearing' under the practice and procedure with reference to motions made on notice by one party to another." (*Beck* v. *Superior Court of Mendocino County* (1942) 20 Cal.2d 77 [124 P.2d 9].) When the date of the hearing is set, the clerk is required to give five days' notice thereof by mail to the parties. (Code Civ. Proc., § 661.) The statutes prescribe the method by which service is made by mail (Code Civ. Proc., § 1013) and the method by which the clerk proves that he has made service by mail. (Code Civ. Proc., § 1013a.) ■ The record before us is deficient in that although plaintiff requested that there be included in the clerk's transcript the "Clerk's notice of hearing" on the motion for new trial, the transcript contains neither a copy of the notice nor a copy of the certificate of service. It does recite, however, that on October 4, 1968, counsel were "notified by U.S. mail" of the hearing set for 9 a.m., October 25, 1968. Since plaintiff's contention is that the notice should have been given by defendant Evans rather than by the clerk and since the plaintiff does not contend that the clerk failed to give adequate and timely notice, the deficiency in the record is immaterial.

Plaintiff's other contention is that the order granting the new trial does not, with respect to the third cause of action, state with sufficient specificity the "grounds relied upon by the court." (Code Civ. Proc., § 657.)

The case went to the jury on plaintiff's third, fourth and fifth causes of action against defendant Evans. The third cause of action alleged that defendant was negligent in selling the automobile to a person who he knew or should have known was likely to use the automobile in a manner involving unreasonable risk of physical harm to plaintiff and others. The fourth cause of action alleged that defendant was negligent in selling the auto-

mobile to Mrs. Pickard in that he knew or should have known that the automobile was mechanically defective. The fifth cause of action alleges that defendant was negligent in failing to inspect the automobile for defects before he sold it to Mrs. Pickard.

The jury was instructed on each of the three theories advanced by plaintiff. The verdict was general and it is impossible to ascertain therefrom which theory or theories formed the basis of the verdict. The trial court in its order granting the new trial said with respect to the third cause of action: "The evidence failed to show any negligent entrustment. The vehicle was delivered to [Mrs. Pickard's] son without knowledge of defendant Evans that Mrs. Pickard intended to drive until qualified so to do. It was not negligence to sell the vehicle to her." Had the grounds for the order been limited to those quoted, we would be obliged to determine whether they are sufficient under the principles set forth in *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]. But the trial judge went on to state additional grounds for his order. These additional grounds are conceded by plaintiff to be sufficient to support the order granting the new trial as to the fourth and fifth causes of action. In the light of that concession, there is no alternative to affirming the order.

What plaintiff fails to perceive is that neither we nor anyone else can say that the verdict was founded solely on the theory set forth in the third cause of action. If, for example, the jury based its verdict solely on the theory set forth in the fourth cause of action, reversing the order granting the new trial would result in a judgment against defendant on evidence properly found insufficient by the trial judge. If the trial judge had expressly stated that he found no insufficiency of the evidence with respect to the third cause of action, but found that the evidence was insufficient with respect to the fourth and fifth causes of action, the result would be the same. Defendant would be entitled to a new trial and plaintiff would lose her judgment for the simple reason that no one can say that the verdict was based solely on the third cause of action. ▆ When the appeal is from the judgment based upon a general verdict, the "rule may be stated as follows: Where several counts or issues are tried, a general verdict will not be disturbed by an appellate court if a single one of such counts or issues is supported by substantial evidence and is unaffected by error, although another is also submitted to the jury without any evidence to support it and with instructions inviting a verdict upon it." (*Posz* v. *Burchell* (1962) 209 Cal.App.2d 324 [25 Cal.Rptr. 896].) That rule is based on the assumption that the jury found on the cause of action as to which there was substantial evidence and no error and is applicable only when there is an appeal from the judgment entered on the verdict. Plaintiff here vigorously asserts in response to defendant's appeal from the order denying a judgment notwithstanding the verdict that the

verdict is supported by the evidence on each of the three causes of action. Logic dictates that we cannot assume that the verdict was based solely on the third cause of action.[1]

■ Because we affirm the order granting the new trial, there is no judgment and defendant's appeal therefrom is dismissed.

Defendant appeals from the order denying his motion for judgment notwithstanding the verdict. If a trial judge were precluded from granting a new trial on the ground of insufficiency of the evidence to support a verdict for plaintiff unless he could say as a matter of law that there was no substantial evidence to support the verdict, the corollary would be that judgment for defendant notwithstanding the verdict would automatically follow.[2] But from 1872 to 1965 the test employed to determine whether an order granting a new trial on insufficiency of the evidence was proper was whether there was any substantial evidence to support a verdict for the party making the motion for new trial. As amended in 1965 and 1967, the pertinent portion of section 657 of the Code of Civil Procedure now reads: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict . . . unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the . . . jury clearly should have reached a different verdict. . . ." There was reason to believe from the use of that language that a "motion for a new trial based on a claim of insufficiency of the evidence will not be granted unless it can be said that as a matter of law there is no substantial evidence to support the verdict or decision." (Leedy, *Demise of the Thirteenth Juror* (1969) 44 State Bar J. 380.) Even if the language is not the equivalent of the "no substantial evidence" test, it appears to come quite close. At the very least it would seem that the Legislature intended to abolish the test that had theretofore been used by the appellate courts in determining the propriety of orders granting new trials by requiring that the test focus upon the strength of the evidence in support of the verdict

---

[1]Plaintiff's counsel at oral argument said he was willing to concede that the verdict was not based on either the fourth or fifth cause of action. But we obviously cannot permit plaintiff's counsel to determine the cause of action on which the jury returned its verdict.

[2]The converse would not be true. When the verdict is for defendant when as a matter of law it should have been for plaintiff, the court cannot enter judgment for plaintiff of a specified amount when the amount of damages is in dispute as it almost invariably is in personal injury actions. (*Spillman* v. *City & County of San Francisco* (1967) 252 Cal.App.2d 782 [60 Cal.Rptr. 809].) It has been held that the proper procedure in such a case is to enter what amounts to a partial judgment, that is, "as to the issue of liability only, leaving the determination of the question of damages to a jury. . . ." (*Gordon* v. *Strawther Enterprises, Inc.* (1969) 273 Cal.App.2d 504 [78 Cal.Rptr. 417].)

instead of the strength of the evidence supporting a verdict which was not returned.

However the Supreme Court, citing cases decided before the 1965 amendment, said in *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315] that a motion for a new trial under the section as amended "is addressed to the judge's sound discretion; he is vested with the authority, for example, to disbelieve witnesses, reweigh the evidence, and draw reasonable inferences therefrom contrary to those of the trier of fact; on appeal, all presumptions are in favor of the order as aganst the verdict, and the reviewing court will not disturb the ruling unless a manifest and unmistakable abuse of discretion is made to appear." The court in *Mehling* v. *Schield* (1967) 253 Cal.App.2d 55 [61 Cal.Rptr. 159] (Fifth Appellate District) said that "the 1965 amendment does not curb the discretion vested in the trial court, but rather sets forth certain procedures which he must follow if he decided to grant a new trial." *Funderburk* v. *General Tel. Co.* (1968) 262 Cal.App.2d 869 [69 Cal.Rptr. 275] (Second Appellate District) rejected the argument "that the 1965 amendments were somehow intended to curb the power of trial courts to grant new trials if they disagreed with the verdict." In *Dixon* v. *St. Francis Hotel Corp.* (1969) 271 Cal.App.2d 739 [77 Cal.Rptr. 201] and *Martinez* v. *Harris* (1969) 273 Cal.App.2d 385 [78 Cal.Rptr. 325] (both from the First Appellate District) it was said that the trial judge may grant a new trial "merely for the reason that if he had been sitting as the trier of the facts he would have decided the case differently." By reason of the language in *Mercer* and the cited decisions by the Courts of Appeal, the only permissible conclusion is that the test of the propriety of an order granting a new trial remains as it was before the 1965 amendment.

Since the tests are completely different, there is nothing inconsistent in granting a defendant a new trial and denying his motion for judgment notwithstanding the verdict. (*Montijo* v. *Western Greyhound Lines* (1963) 219 Cal.App.2d 342 [33 Cal.Rptr. 184].) We need not discuss the evidence with respect to each of the three causes of action since we conclude that there was evidence sufficient to support the verdict with respect to at least one of the causes of action.

Mrs. Pickard was practicing driving the Pontiac on the day of the accident. She attempted to make a U-turn, but when she had almost completed it, the automobile jumped the curb of a sidewalk and pinned plaintiff against a building. Mrs. Pickard testified that she applied the brakes to no avail. Her testimony provided some evidence that the brakes were defective

on the date of the accident. The jury could infer from the evidence that there had been no change in the condition of the brakes from the date of sale to the date of the accident.

The Pontiac was over 12 years old and had been driven 55,000 miles when Evans bought it. He was forbidden to sell a "used motor vehicle which is not in compliance with the provisions of this code." (Veh. Code, § 24007.) He sold the automobile to Mrs. Pickard by a document which recited that the automobile was being "sold 'As Is' and without guarantee as to condition." There was no evidence that the Pontiac was tested by Evans to ascertain whether the brakes complied with the Vehicle Code requirements (Veh. Code, § 26454.). ■ While defendant Evans testified that during the brief time he had the automobile he drove it on several occasions and found nothing wrong with the brakes, that testimony is not the equivalent of evidence showing that the stopping distance requirements were met. Moreover, the jury may not have believed Evans.

■ "The same test governs the power of the trial court to grant a nonsuit, direct a verdict, or render a judgment notwithstanding the verdict." (*Knight* v. *Contracting Engineers Co.* (1961) 194 Cal.App.2d 435 [15 Cal.Rptr. 194].) It is significant to us that although the trial judge granted a new trial to defendant, he denied motions for nonsuit, a directed verdict and for judgment notwithstanding the verdict. His actions necessarily imply that he thought there was some substantial evidence supporting a verdict for plaintiff and with this conclusion we agree.

The order granting a new trial is affirmed. The appeal from the judgment for plaintiff is dismissed. The order denying the motion for a directed verdict is affirmed. Each party shall bear his or her respective costs on appeal.

Lillie, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 2, 1970, and the petition of the plaintiff and appellant for a hearing by the Supreme Court was denied April 1, 1970.