[Civ. No. 13891. Fourth Dist., Div. Two. May 7, 1975.]

ERNEST J. CODEKAS et al., Plaintiffs and Respondents, v.
DYNA-LIFT COMPANY, Defendant and Appellant.

## Counsel

Kinkle, Rodiger, Graf, Dewberry & Spriggs and John C. McNamara for Defendant and Appellant.

Thomas T. Anderson, Hector J. Rosso, Parker & Dally and Ross C. Irwin for Plaintiffs and Respondents.

## Opinion

**KERRIGAN, J.**—The hydraulic cylinder of a date picking machine failed a few days after being repaired, resulting in severe personal injuries to two ranch hands, damages to the machine, and three lawsuits. The three actions were consolidated for the purpose of trial. From adverse judgments, the repairer appeals on the ground the trial court erred in instructing the jury on the doctrine of strict liability in tort.

### FACTS

The date picking machine was owned and operated by the plaintiffs Ernest J. Codekas and Tellis Codekas, dba Codekas Bros. Date Gardens—Coachella Valley date ranchers. On or about October 24, Codekas Brothers sent the hydraulic cylinder to Dyna-Lift Company's machine and hydraulic shop in the City of Commerce for repair. Dyna-Lift repaired the cylinder and returned it to Codekas Brothers about November 1. On November 4, the cylinder came out of its collar while the machine was in operation. The cylinder held a cage and platform in place. Two of Codekas' male employees, Hernandez and Malacara, were standing high in the air on the platform when the failure occurred, sending them plummeting to the ground below.

Codekas filed an action for the damage to, and the loss of use of, the machine; Continental Casualty Company, Codekas' workmen's compensation carrier, sued to recoup the benefits it had paid upon behalf of the injured employees; and Hernandez and Malacara sought damages for the injuries they sustained.

While each of the complaints espoused several theories of recovery, the main counts sounded in negligence and strict liability in tort. In the joint trial, the court instructed the jury *in extenso* on both doctrines. The

jury returned the following general verdicts in favor of the plaintiffs: (1) Codekas Brothers—$14,000; (2) Malacara—$112,650; (3) Hernandez—$10,500; and (4) Continental Casualty—$32,328.79.

## ISSUE

■ ■■■ Dyna-Lift appeals on the basis that the trial court erred as a matter of law in rendering jury instructions on the doctrine of strict liability in tort.[1] Dyna-Lift claims that it was only a repairer and the doctrine just does not apply to a repairer.

## LAW

The trial court instructed the jury that a repairer is strictly liable when an article the repairer places on the market, knowing that it is to be used without inspection for defects, has a defect that causes injury to a person. (BAJI No. 9.00, as modified, with the word "repairer" substituted for the words "manufacturer" or "seller.")

A *manufacturer* is strictly liable in tort for a defective product which causes injury to another. (*Greenman* v. *Yuba Power Products, Inc.,* 59

---

[1]This case comes before us solely on a clerk's transcript under rule 52, Rules on Appeal, California Rules of Court, which provides as follows:

"If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record."

The effect of the presumption set forth in the first sentence of rule 52 may be stated thus: an appellate court, confronted with an incomplete record, *cannot* assume that the error alleged on appeal was cured in the trial court in a proceeding which does not appear in said record, since all matters material to resolution of the issue on appeal are presumed to be included within the abbreviated record. However, the second sentence of the aforestated rule limits the application of this presumption: if the abbreviated record on appeal consists only of the clerk's transcript (or judgment roll), and the error appealed from does not appear on the face of that record, the aforesaid presumption does not apply and the appellate tribunal may assume that the alleged error was *cured* in the trial court. (*Dumas* v. *Stark,* 56 Cal.2d 673, 674 [16 Cal.Rptr. 368, 365 P.2d 424].)

Alternatively, as stated in *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806-807 [241 P.2d 639], "[I]f an error appears on the face of a judgment roll or other partial transcript it is not to be presumed on appeal that the error was cured by some proceeding not appearing in the transcript." Hence, it remains "incumbent on an appellant to present a transcript which affirmatively shows on its face that an error occurred." (*Ibid.* p. 807.)

In the instant case, error does not appear on the face of the record on appeal (see Discussion, *infra*) and, hence, this court is not bound by the presumption set forth in the aforesaid rule.

Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].) Similarly, a *seller* of a defective product may be held strictly liable; the seller's liability extends to any person engaged in the business of selling products for use or consumption; therefore, it applies to any manufacturer of such a product as well as any wholesaler, retailer, or distributor. (Comment, Rest.2d Torts, § 402A, p. 348; *Cronin* v. *J.B.E. Olson Corp.*, 8 Cal.3d 121, 130 [104 Cal.Rptr. 433, 501 P.2d 1153].) And in a recent decision, a manufacturer who was also in the business of repairing was held strictly responsible for defects in repairing. (*Young* v. *Aro Corp.*, 36 Cal.App.3d 240 [111 Cal.Rptr. 535].) ·

Both sides concede that Dyna-Lift was only a repairer of the cylinder—as distinguished from a manufacturer-repairer. And both also concede that there are no cases determining whether the doctrine applies to one engaged only in the repair business.

However, on the basis of the record before us, it would be impossible to determine whether the strict liability in tort doctrine applies to a repairer only.

■ The consolidated actions were tried on at least two distinct theories: negligence and strict liability in tort. Special verdicts were not requested for the purpose of requesting the jury to state its findings on the liability issue and the jury returned general verdicts in each case. Since Dyna-Lift has provided us with no means for determining the jury's reasons for arriving at its determination, suffice it to say that the jury could have found on the basis of substantial evidence that Dyna-Lift's negligence proximately caused the plaintiffs' injuries and damages.

■ On a clerk's transcript appeal, the appellate court must conclusively presume that the evidence is ample to sustain the findings. (*Finney* v. *Lockhart*, 35 Cal.2d 161, 164 [217 P.2d 19]; *Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673, 680 [22 P.2d 5]; *Kompf* v. *Morrison*, 73 Cal.App.2d 284, 286 [166 P.2d 350].)

■ A general verdict implies a finding in favor of the prevailing party of every fact essential to the support of his action; all inferences and intendments favor such a verdict. (See *Timbrell* v. *Suburban Hospital, Inc.*, 4 Cal.2d 68, 71 [47 P.2d 737].) Where there are several causes of action (several counts), a general verdict will be sustained if the evidence supports it on any one sufficient count; the general verdict

"implies" a finding in favor of the prevailing party on the count which is supported by the evidence; thus, where there are inconsistent counts, one sounding in negligence and the other for an intentional tort, the judgment will be upheld on either theory, providing there is substantial evidence to support it. (*Wells* v. *Brown,* 97 Cal.App.2d 361, 364 [217 P.2d 995]; see also *Gillespie* v. *Rawlings,* 49 Cal.2d 359, 369 [317 P.2d 601]; 4 Witkin, Cal. Procedure (2d ed. 1971) § 270, pp. 3078-3079.)

Where a case is tried on alternate theories of liability and the court properly instructs on the theories of negligence, contributory negligence, proximate cause and damages and the defendant fails to request special verdicts, the general verdict implies findings in favor of the prevailing party on all issues submitted to the jury; thus, when there is a question of guest-passenger status and an implied finding of passenger status (negligence issue), it is unnecessary for a reviewing court to reach the issue of wilful misconduct. (*Chabot* v. *Meredith,* 15 Cal.App.3d 950, 958 [93 Cal.Rptr. 543]; see also *Posz* v. *Burchell,* 209 Cal.App.2d 324, 335-336 [25 Cal.Rptr. 896].) When a case is tried on alternate theories, the foregoing rules assume the jury found on the cause of action or theory which was supported by substantial evidence. (*Jones* v. *Evans,* 4 Cal.App.3d 115, 119 [84 Cal.Rptr. 6].)

As cogently stated in a recent case, parties should have one chance to have a jury's fact finding pinpointed; this can be accomplished by requesting special verdicts or findings (Code Civ. Proc., §§ 624, 625); a losing party should not be permitted to drag litigation through the appellate courts by turning his back on safeguards afforded by the Legislature; when a general verdict is returned under circumstances where a special verdict might have been used, the appellate courts must guess which of several possible alternate routes the jury traveled to reach its destination; well-conceived special verdicts simplify and often eliminate issues on appeal; the responsibility for requesting special verdict forms rests with the party who loses the verdict (the appellant). (*McCloud* v. *Roy Riegels Chemicals,* 20 Cal.App.3d 928, 936-937 [97 Cal.Rptr. 910].)

In the case under review, we have been presented with a limited record indicating that general verdicts were returned. We have no way of knowing what the evidence was. Actually, we are not even confident of the facts which led up to the accident. This case was tried on several theories, and the jury was properly instructed on the issues of negligence, contributory negligence, proximate cause and damages. Consequently, in

the absence of special verdicts, it must be presumed that the evidence supports the jury's verdicts on the negligence theory.

The judgments entered on the general verdicts are affirmed.

Gardner, P. J., and McDaniel, J., concurred.